I dissent for the reason stated in my concurring opinion in State v. Borst, *supra*.

STATE v. FRED PAUL SCOTT.

154 N. W. (2d) 703.

December 8, 1967—No. 40,507.

*C. Paul Jones,* State Public Defender, and *Ronald J. Wolf,* for appellant.
*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *David C. Weinberg,* Assistant County Attorney, for respondent.

PER CURIAM.

This is an appeal from a judgment of conviction entered pursuant to a plea of guilty to the crime of aggravated forgery, as defined by Minn. St. 609.625, subd. 3. Defendant asks that the judgment be set aside and that he be granted a new trial on the ground that the plea of guilty was not voluntarily entered and that his statements made to the court prior to sentence were not consistent with a guilty plea.

It appears from the record that defendant was represented by the public defender and entered a plea of not guilty on arraignment on December 31, 1965. He was thereafter admitted to bail. On January 7, 1966, he appeared with counsel, withdrew his plea of not guilty, and entered a plea of guilty. At that time he was released on his personal recognizance and appeared on February 9, 1966, when sentence was imposed. We have examined the record and find nothing in it to indicate or suggest that the plea of guilty was not made intelligently and understandingly with knowledge of its consequences.

Nor is there any substance to defendant's complaint that his plea of guilty is inconsistent with statements made to the court prior to sentence. The information fully and fairly alleges the circumstances and elements of the offense with which he was charged. By his statements as contained in the record, he admitted to the fact that he knowingly passed a forged check in

the sum of $77.65. He admitted that he knew what he was doing at the time he passed the check and that, although he did not sign the check, he was to receive a percentage of the proceeds.

If there is some substance to defendant's complaint that he was somehow induced to withdraw his plea of not guilty and enter a plea of guilty under circumstances constituting a denial of a protected constitutional right, he may have recourse to the provisions of L. 1967, c. 336, to establish a record which this court might review.

Affirmed.