## STATE v. JOHN JOSEPH BOROUGH.

156 N. W. (2d) 757.

February 2, 1968—No. 40,513.

*C. Paul Jones,* State Public Defender, and *Richard W. Swanson,* for appellant.

*Douglas M. Head,* Attorney General, *John C. Arko,* County Attorney, and *Donald J. Paquette,* Assistant County Attorney, for respondent.

PETERSON, JUSTICE.

Upon his plea of guilty in District Court of St. Louis County, defendant was convicted of the crime of burglary in violation of Minn. St. 609.58, subd. 2(3). Defendant in this appeal from the judgment seeks to have his sentence vacated so that he may be permitted to withdraw

his plea of guilty and enter a plea of not guilty or, in the alternative, that the matter be remanded to the district court for hearing on his claim of right to withdraw his plea of guilty.

■ Defendant urges, first, the constitutional ground that he was denied adequate representation of counsel in two respects: (a) That he did not receive the benefit of appointed counsel until the fourth day after his arrest; and (b) that the public defender advised him to plead guilty. The record plainly refutes any claim of dilatory appointment of counsel; the complaint was filed against defendant in the municipal court for St. Louis County on April 13, 1966, and he appeared with court-appointed counsel on April 15, 1966. The record, with equal clarity, refutes the defendant's assertion that the public defender advised him to plead guilty, as witness the following colloquy among defendant, court, and counsel at arraignment on April 26, 1966:

"THE COURT: You have had an opportunity to confer with Mr. Durfee, have you?

"THE DEFENDANT: Yes.

"THE COURT: And has he advised you of the nature of these proceedings and of the possible consequences to you of the offense charged?

"THE DEFENDANT: Yes.

"THE COURT: Are you now ready to plead to the information?

"THE DEFENDANT: Yes.

"THE COURT: And how do you plead?

"THE DEFENDANT: Guilty.

"MR. DURFEE [public defender]: Judge, before you go further, I would like to ask those preliminary questions.

"THE COURT: You may.

"MR. DURFEE: John, you and I have talked about the facts which have occurred which have given rise to this complaint, have we not?

"THE DEFENDANT: Yes.

"MR. DURFEE: And you have admitted to me that you did in fact break into the bowling alley and take money from the bowling alley?

"THE DEFENDANT: Yes.

"MR. DURFEE: As a matter of fact, you admitted to other offenses, did you not?

"THE DEFENDANT: Yes.

"MR. DURFEE: And I advised you that regardless of the circumstances and facts surrounding the offense, that you were entitled to trial by jury?

"THE DEFENDANT: Yes.

"MR. DURFEE: I told you that this was an absolute right?

"THE DEFENDANT: Yes.

"MR. DURFEE: I told you further that if you plead guilty, it would only be because you were in fact guilty?

"THE DEFENDANT: Yes.

"MR. DURFEE: And I told you that I would represent you vigorously at any jury trial if you plead not guilty, did I not?

"THE DEFENDANT: Yes.

"MR. DURFEE: And I went further and told you that if you should plead guilty, because of your record, you would undoubtedly be sentenced to five years with the Youth Conservation Commission?

"THE DEFENDANT: Yes.

"MR. DURFEE: And have you been satisfied with my representation up to this point?

"THE DEFENDANT: Yes.

"MR. DURFEE: Is there anything further that you wish me to do?

"THE DEFENDANT: No."

Even without that positive evidence of record, we reiterate the presumption that court-appointed counsel will be presumed to have discharged their responsibilities to defendants with fidelity. State v. Alm, 261 Minn. 238, 111 N. W. (2d) 517.

■ Defendant urges, as a second constitutional ground, that his plea of guilty was improperly induced in two respects: (a) That the police allegedly threatened that a friend of his, who was an alleged accomplice, would be kept in jail until defendant admitted commission of the crime; and (b) that the police allegedly promised defendant that he would probably be placed on probation if he pleaded guilty to the crime. The record, however, is utterly devoid of any support for these assertions.[1]

---

[1] The above-quoted colloquy, indeed, tends to refute the claim that defendant's plea of guilty was induced by police promises of probation, at least to the extent that his own counsel's advice that he "would undoubtedly

As we recently held in State v. Williams, 279 Minn. 152, 155 N. W. (2d) 739, mere argumentative assertions lacking any support in the record are not reviewable on appeal from the judgment.[2]

Affirmed.

---

be sentenced to five years" is hardly compatible with a claim that he was really induced to plead guilty because of prior police promises of probation, even if made.

[2] The public defender apparently feels compelled to make such appeals as this by reason of the constitutional duties of counsel declared in Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. ed. 891; Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. ed. (2d) 811; and, more particularly, Anders v. California, 386 U. S. 738, 87 S. Ct. 1396, 18 L. ed. (2d) 493. Anders arose out of a habeas corpus proceeding following an appeal in which court-appointed counsel, after a study of a record actually made, had concluded that the appeal was without merit. The United States Supreme Court there held that defendant's counsel, before withdrawing, must file a brief "referring to anything in the record that might arguably support the appeal," so that the appellate court could make its own full examination of all the proceedings and decide whether or not the case was "wholly frivolous." This procedure, the Supreme Court stated, "will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel." 386 U. S. 745, 87 S. Ct. 1400, 18 L. ed. (2d) 498, 499. The instant case, however, has a very different posture. We would rather doubt that a direct appeal or a brief of arguable support is required in a case where, as here, the conviction is based solely upon a plea of guilty and where, as here, the asserted denial of constitutional rights is based upon claims wholly outside the record. It has nothing to do with the conscience or competence of counsel or the economic status of the accused, for no amount of conscientious effort or search of the record will disclose "hidden merit" or make something out of nothing. Due process and equal protection of the laws are sufficiently assured in these circumstances, we should think, by resort solely to the postconviction remedy established by L. 1967, c. 336.