STATE v. JOSEPH W. WILLIAMS.

163 N. W. (2d) 868.

January 10, 1969—No. 40863.

*Joseph W. Williams*, pro se, *C. Paul Jones*, State Public Defender, and *Robert E. Oliphant*, Assistant State Public Defender, for appellant.

*Douglas M. Head*, Attorney General, *Richard H. Kyle*, Solicitor General, *J. Jerome Kluck*, County Attorney, and *Jack A. Mitchell*, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

ROGOSHESKE, JUSTICE.

Defendant appeals from a judgment of conviction entered October 21, 1966, upon his plea of guilty to an information charging him with committing the crime of indecent assault in violation of Minn. St. 1965, § 617.08. He contends that his plea of guilty was improperly accepted by the trial court and that his privately retained counsel did not adequately represent him.

It is clear that if defendant, as alleged, either did not understand the nature and elements of the offense charged, or made statements at the time his plea was tendered negating the existence of an essential element of the crime charged, defendant's attorney should have moved to have the plea withdrawn or the trial court should have withdrawn the plea on its own motion. See, Chapman v. State, 282 Minn. 13, 162 N. W. (2d) 698; State v. Olson, 270 Minn. 329, 133 N. W. (2d) 489; State v. Jones, 267 Minn. 421, 127 N. W. (2d) 153; State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723.

At his arraignment, however, defendant pled guilty only after the court had questioned him concerning his understanding of the nature of the charge. Thereafter, he acknowledged under oath, in response to questions by both the prosecutor and his own attorney, that he understood the nature of the charge and the maximum sentence which could be imposed upon conviction, that his plea was voluntary, and that he committed the acts constituting the crime charged. During the course of a presentence investigation ordered by the court, the prosecutor was advised that

defendant denied being guilty, claiming essentially that the victim, a female aged 17, had consented to the assault. At the request of the prosecutor, the court conducted a rehearing to permit the defendant to either affirm or withdraw his plea of guilty. At this rehearing, defendant clearly and unequivocally reaffirmed his plea. Upon being advised that consent of the victim would be a defense, defendant declared, "There was no consent."

Viewing the record in the light most favorable to the judgment of conviction, as we must,[1] we do not feel compelled to conclude that, at the time either of defendant's plea or of his reaffirmation thereof, defendant was so confused that he did not understand the elements of the crime charged or the applicability of the defense of express consent.

Defendant's claim of ineffective representation by the attorney of his own choice, as well as other claims we deem unnecessary to detail, amount to no more than argumentative assertions which, as we have repeatedly held, cannot be reviewed upon a direct appeal from a judgment of conviction. State v. Gilles, 279 Minn. 363, 157 N. W. (2d) 64; State v. Borough, 279 Minn. 199, 156 N. W. (2d) 757; State v. Williams, 279 Minn. 152, 155 N. W. (2d) 739. Mere assertions of a denial of constitutional rights do not entitle an appellant to relief unless found to be true upon adequate proof submitted in a postconviction proceeding under Minn. St. 590.01, et seq.

Affirmed.

---

[1] We apply the same standard of review to a conviction based upon a plea of guilty as we apply to a conviction based upon a jury verdict, State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640, certiorari denied sub nom. Savage v. Minnesota, 355 U. S. 918, 78 S. Ct. 348, 2 L. ed. (2d) 277, i. e., that the record be "viewed most favorably to support a finding of guilt." State v. Kline, 266 Minn. 372, 374, 124 N. W. (2d) 416, 418, certiorari denied, 376 U. S. 962, 84 S. Ct. 1124, 11 L. ed. (2d) 980.