**STATE of Minnesota, Respondent,**

v.

**Robert Joseph BEARD, Appellant.**

**No. 49135.**

Supreme Court of Minnesota.

Feb. 1, 1980.

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Asst. County Atty., Chief, App. Div., David W. Larson, Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant, found guilty of aggravated assault and aggravated robbery, was sentenced by the trial court to a maximum indeterminate term of 20 years in prison, the sentence to run concurrently with a prior sentence for robbery on which parole was revoked. The sole issue raised on appeal is the admissibility of testimony by a police officer concerning statements defendant made after he was in custody. Defendant did not object to the admission of this testimony at trial but now asserts its inadmissibility, arguing that the testimony was the fruit of an illegal arrest, improperly revealed the refusal of defendant to talk with the police, and violated Minn.R.Evid. 410 by revealing that defendant tried to negotiate a "deal" with the police in return for pertinent information.

This court on many occasions has observed that the failure of a defendant to raise an issue at trial constitutes a forfeiture of his right to have this court consider the issue on appeal. *See, e. g. State v. Kremer*, 307 Minn. 309, 239 N.W.2d 476 (1976). Notwithstanding a defendant's failure to object, the court will set aside a conviction and grant a new trial only when the failure to do so would perpetuate a substantial injustice in the sense that an innocent person may have been convicted.

*State ex rel. Rasmussen v. Tahash*, 272 Minn. 539, 141 N.W.2d 3 (1965). Accordingly, we hold that because defendant failed to object at trial to the circumstances of his arrest or to the trial court's admission of police testimony of statements he made following receipt of a *Miranda* warning during postarrest interrogation, he forfeited his right to have such issues considered on appeal. Our review of the record in this case reveals ample evidence of guilt; however, we continue to reserve the right to consider issues such as that presented in this case as grounds for reversal when our reading of the record requires as much and to do otherwise would perpetuate substantial injustice.

Affirmed.