**STATE of Minnesota, Respondent,**

v.

**Guy P. WENBERG, Appellant.**

**No. C6-84-741.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Review Denied Feb. 6, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., J. Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Renee J. Bergeron, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from a conviction of appellant for aggravated robbery. He was sentenced to 70 months consecutively. He raises issues related to his conviction as well as the propriety of the sentence.

## ISSUES

1. Was there sufficient evidence presented at trial to sustain the conviction?

2. Was appellant denied effective assistance of counsel?

3. Did the court err in commenting in the presence of the jury that there is no alibi defense in this lawsuit?

4. Did the court err in sentencing appellant to a consecutive sentence of 70 months?

## ANALYSIS

### Insufficiency of the Evidence

Credible eyewitness identification testimony was introduced in this trial in addition to other evidence which justifies the verdict.

### Effective Assistance of Counsel

Appellant has contended that three successive and allegedly inadequate public defenders violated his rights to effective counsel and resulted in his choice to proceed pro se at trial. It is inappropriate for appellant to make these assertions on appeal. *State v. Cermak,* 350 N.W.2d 328, 332, n. 5 (Minn.1984). This issue should be addressed in a post-conviction proceeding. In any event, an examination of the record clearly demonstrates a total lack of any basis for a claim of inadequacy of counsel.

### Trial Court's Comment to Appellant Regarding a Lack of Alibi Defense

Appellant asserts that the court's statement in the presence of the jury that there is no alibi defense in this lawsuit was tantamount to a directed verdict on an essential element of the offense. Appellant, at a point during the trial, and, in chambers, informed the court that he wished to interpose an alibi defense. The court ruled that a formal alibi defense was not properly interposed at the time since notice was not given to the prosecution pursuant to Rule 9.02 subd. 1 of the Minnesota Rules of Criminal Procedure. This was a correct ruling.

Subsequently, during trial appellant attempted to introduce testimony relating to an alibi. He stated:

> "Your Honor, can I make an offer of proof on this? It will bolster my alibi that I have.
>
> The Court: What is this? There is no alibi defense in this lawsuit. I have ruled on that previously."

Although the court could have barred all alibi testimony, nevertheless appellant's wife was allowed to testify fully regarding his alibi and the court allowed appellant to argue his alibi in his closing argument. Appellant did not object to the statement by the court at trial.

 Because appellant had no right to introduce testimony regarding the alibi, no prejudice to him was shown. In addition, appellant waived his right to raise this issue on appeal by failing to object during the trial. *State v. Beard,* 288 N.W.2d 717, 718 (Minn.1980). Lastly, even if error was committed, there is such overwhelming evidence of guilt in this case that there is no justification for granting a new trial. *Beard,* 288 N.W.2d at 718.

### Sentencing Guidelines

Appellant argues that his sentence of 70 months should be reduced to 24 months since the court imposed a consecutive sentence and thus the presumptive sentence must be computed using the zero criminal history column. However, Minnesota Sentencing Guidelines II.F. provides:

> When a current conviction for a crime against a person is sentenced consecutive to a prior indeterminate or presumptive sentence for a crime against a person, the presumptive duration for the current conviction is determined by locating the severity level appropriate to the current conviction offense and the zero criminal history column or the mandatory minimum, whichever is greater.

The mandatory minimum is contained in Minn.Stat. § 609.11 subd. 5 (1982) which provides:

> Subd. 5. Firearm. Any defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, at the time of the offense, used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment of not less than three years, nor more than the maximum sentence provided by law. *Any defendant convicted of a second or subsequent offense in which the defendant or an accomplice, at the time of the offense, used a firearm shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment of not less than five years,* nor more than the maximum sentence provided by law.

(Emphasis added.) Therefore, appellant's 70 months consecutive sentence is reduced to 60 months consecutive.

### DECISION

We affirm the judgment of conviction and modify the sentencing by reducing the 70 months consecutive sentence to 60 months consecutive.