STATE of Minnesota, Respondent,

v.

Dennis Eugene HANSON, Appellant.

No. C4–84–1516.

Court of Appeals of Minnesota.

April 23, 1985.

Patrick A. Lowther, Parris Law Offices, Ltd., Hector, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Lynch, Kandiyohi County Atty., Ann Gustafson, Asst. County Atty., Willmar, for respondent.

Heard, considered and decided by FORS-BERG, P.J., and PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

Dennis Hanson appeals from a judgment entered after a jury convicted him of aggravated DWI in violation of Minn.Stat. § 169.121, subds. 1(a), and 3(a) (Supp.1983). He contends he was deprived of his sixth amendment right to effective assistance of counsel because his trial attorney inadequately investigated his case, was inadequately prepared, improperly stipulated to the admission of a hearsay statement, and failed to effectively cross-examine the State's witnesses. The State failed to file a brief so this case was determined on the merits under Minn.R.Civ.App.P. 142.03. We affirm.

## FACTS

Hanson was charged with aggravated DWI based on events that occurred on December 26, 1983. He is a self-employed cabinet-maker and had worked about eight hours that day gluing countertops in a customer's home. At about 4:30 p.m. he went to a bar called Torge's East to watch the end of a football game. He testified that he drank three brandy-sevens there and ate a bowl of chili. At about 7:00 or 7:30 he went to the Safari South, another bar, to talk to the owner about work he was performing there. Hanson admitted having two drinks between 7:30 and 9:30 p.m.

Two bartenders testified that he appeared to be tired and intoxicated when he left the Safari South at about 11:00 p.m. They also said that Hanson was buying rounds for people and that people were reciprocating, but that he left several drinks untouched in front of him at the bar. Both heard him say he had "had enough" and didn't want to drink any more. The owner of the Safari South, who spoke to Hanson about half an hour before he left, testified that Hanson was not intoxicated.

About three blocks from the bar Hanson drove into a van parked at the side of the road, resulting in about $4,000 in damage to the two vehicles. Bart Johnson, a teenager who lived across the street from where the accident occurred, came out to see whether anyone was hurt.

Johnson did not testify at trial, but a statement he gave to a county sheriff was admitted by stipulation of counsel. In the statement he said he thought Hanson was intoxicated because he walked unsteadily and his speech was slurred. Beverly Johnson, Bart's mother, testified that Hanson used the telephone in their house. She said he had an irregular gait but was not staggering. He phoned his wife and talked to her quietly for about five minutes, then asked the Johnsons whether they knew whose van he had hit. They suggested

that he try asking at the home of some neighbors, and Hanson left. Both Johnsons said they did not smell alcohol on Hanson's breath.

After leaving the Anderson home, Hanson went to three houses on the block trying to determine who owned the van. He was not successful. An acquaintance who lived in one of the houses gave Hanson a ride home.

At about this time a deputy sheriff came upon the accident. He did a registration check and discovered that the truck was registered to Hanson. He went to Hanson's home but did not find him there. The next day he contacted Hanson, who told him that he didn't remember anything about the accident. The deputy investigated further and discovered Hanson had been in the two bars, and a complaint was issued on February 6, 1984. Because Hanson had been convicted of DWI in November 1982, he was charged with aggravated DWI.

## ISSUE

Was Hanson denied a fair trial because he had ineffective assistance of counsel?

## ANALYSIS

Hanson's sole argument on appeal is that he was denied effective assistance of counsel at trial. He claims his trial attorney failed to investigate the toxicity of the glue Hanson used while working that day, failed to prepare any witnesses before trial, improperly stipulated to the admission of a hearsay statement, and failed to effectively cross-examine the State's witnesses. The record, however, is inadequate for direct review of most of these assertions.

The Minnesota Supreme Court has repeatedly said that an appeal from a judgment of conviction is not the most appropriate way of raising an issue concerning the effectiveness of the trial counsel's representation because the reviewing court does not have the benefit of all the facts concerning why defense counsel did or did not do certain things. *See, e.g., State v. Cermak*, 350 N.W.2d 328, 332 n. 5 (Minn. 1984); *State v. Zernechel*, 304 N.W.2d 365, 367 (Minn.1981). This issue is more effectively presented in a postconviction proceeding under Minn.Stat. §§ 590.01–.06 (1984).[1] *See, e.g., State v. Williams*, 282 Minn. 240, 163 N.W.2d 868, 869 (1969); *State v. Wenberg*, 357 N.W.2d 355, 356 (Minn.App.1984).

Hanson's assertions that his attorney failed to investigate the toxicity of the glue and failed to prepare any witnesses before trial are based solely on affidavits submitted with his brief. These affidavits are outside the record and cannot be used to support his claim. *See* Minn.R.Crim.P. 28.02, subd. 8 (the record on appeal consists of trial records, exhibits, and transcripts).

Next, Hanson alleges his attorney improperly stipulated to the admission of Bart Johnson's hearsay statement. Although the record does not clearly reveal why Hanson's attorney stipulated to admission, we note that the report of Johnson's statements is at least partly exculpatory. For example, it contains Johnson's statement that he did not smell any alcohol on Hanson's breath. Counsel may have felt this evidence was important because Johnson was the witness who had the most contact with Hanson after the accident.

Finally, Hanson contends his trial attorney ineffectively cross-examined the State's witnesses. We find no merit in this argument.

In *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court said the proper standard for attorney performance is that of "reasonably effective assistance." *Id.* at ——, 104 S.Ct. at 2064. The record on appeal shows that Hanson received reasonably effective assistance of counsel.

---

1. After oral argument, Hanson's attorney on appeal moved for a stay of proceedings, which was denied. He then wrote a letter to this court asking for a dismissal. Because of the timing of his request and his failure to obtain the State's agreement, *see* Minn.R.Crim.P. 28.01, subd. 2; Minn.R.Civ.App.P. 142.01, we deny a voluntary dismissal.

## DECISION

The record on appeal shows that Hanson was not denied his sixth amendment right to effective assistance of counsel.

Affirmed.