STATE of Minnesota, Respondent,

v.

Connie E. DORSCH, Appellant.

No. C6–84–1601.

Court of Appeals of Minnesota.

May 21, 1985.

Review Denied July 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Elizabeth B. Davies, Asst. Public Defender, University of Minn., Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Connie Dorsch was convicted by a jury of simple robbery, Minn.Stat. § 609.24 (1982), and two counts of theft over $2,500, Minn.Stat. § 609.52, subd. 2(1), and subd. 3(1) (1982). The trial court sentenced appellant to 18 months imprisonment for the robbery; no adjudication or sentence was imposed for the theft convictions. On appeal appellant claims the evidence was insufficient. We affirm.

## FACTS

Eighty-seven year old Beryle Costello lived alone in her home in St. Paul. Her daughter, 44 year old Connie Dorsch, lived with her husband and their three children in nearby Roseville. Beryle was alert, did her own house work and finances and worked from three to five days a week full-time at a collection agency. Over the years Beryle had lent Connie and her husband at least $40,000 but by October 1983 had been paid back very little.

In late summer 1983, Connie and her husband were in financial straits. They were behind in mortgage payments and had judgments entered against them for personal and business expenses relating to their advertising agency, Ralph Dorsch & Associates. Beryle's income consisted of

social security payments, wages, and interest from her financial assets. She had about $60,000 of stock, $15,000 of Series H bonds, a money market certificate of $10,-000–$15,000, silver dollars, and savings accounts at different banks. All of Beryle's assets were purchased with her money. The savings accounts were in joint account with Connie to enable her to pay for Beryle's funeral expenses if she died. Connie also had a key to the safety deposit box, to retrieve the contents only if Beryle died. The safety deposit box contained Beryle's will, the deed and abstract to her home, her life insurance policy and her bonds and stocks certificates. Whenever Connie and her husband needed money they asked Beryle.

In September 1983, Beryle signed a new will, recognizing some new beneficiaries. She was aware that Connie and her husband would inherit her house and the majority of her assets.

On October 9, 1983, Beryle and Connie went to dinner. They returned to Beryle's home and Connie pulled the telephones from their jacks, locked doors and said "You are going to sign some papers * *." Connie ordered Beryle to go upstairs to bed. Beryle was unable to leave or call for help. The next morning Connie said "Now you are going to sign." She told Beryle to take off her glasses. She then hit Beryle in the head, kicked her legs and grabbed her wrists. She told Beryle to "Shut up." Beryle testified she was afraid since Connie was much stronger than she was.

Beryle signed some papers out of fear. The papers turned out to be the stock certificates and a deed conveying her house. Beryle later discovered that about a week earlier Connie had cleaned out Beryle's safety deposit box and that about $15,000 had been withdrawn from Beryle's savings accounts.

On October 13, 1983, Connie applied at the Craig-Hallum brokerage office for re-registration of the stock certificates. About $50,000 of certificates were sold and checks totaling that amount were issued to Connie.

Beryle later told her attorney what happened. After her attorney received no response from phone calls or a letter to Connie, Beryle went to the police. In a lawful search of the Dorsch's home, police seized copies of Beryle's wills, four passbook savings books of Beryle's, and numerous receipts for stock certificates and dividends in Beryle's name.

At trial Connie maintained Beryle willingly signed over the certificates and the deed and denied locking her mother up and striking her. She claimed Beryle was giving her assistance for Dorsch's business but admitted some of the money was used to buy a 1981 Buick Rivera and to pay off a second mortgage on their home. Connie claimed Beryle's story was a fabrication, made out of anger because Connie had confronted her mother about an alleged drinking problem. She also claimed a police officer executing the search warrant planted Beryle's will among the items seized.

Following her conviction Connie was sentenced to 18 months imprisonment, representing a dispositional departure from the presumptive 18 months stayed sentence.

## ISSUES

1. Does sufficient evidence support appellant's conviction?

2. Was appellant denied effective assistance of counsel?

## ANALYSIS

### I.

We have reviewed the record and find the evidence amply supports appellant's conviction for simple robbery.

### II.

Appellant personally asserts she was denied effective assistance of counsel from her privately retained attorney because he failed to call a doctor as a witness to testify about the existence of Beryle's liver damage. Not only is a direct appeal an inappropriate way of raising this issue,

*State v. Cermak,* 350 N.W.2d 328, 332, n. 5 (Minn.1984); *State v. Hanson,* 366 N.W.2d 377 (Minn.Ct.App.1985), the record shows that appellant received reasonably effective assistance of counsel. *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### DECISION

Appellant's conviction for simple robbery is affirmed.