STATE of Minnesota, Respondent,

v.

Craig Alan COULTHARD, Appellant.

No. C4–85–1364.

Court of Appeals of Minnesota.

Dec. 31, 1985.

Review Denied Jan. 31, 1985.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, Minnesota Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant Craig Coulthard was convicted of criminal sexual conduct in the first degree and criminal sexual conduct in the third degree for assaulting his stepdaughter. *See* Minn.Stat. §§ 609.342(e)(i); 609.344(c) (1984). On appeal he claims the prosecutor improperly elicited testimony on his yearly income and drug dealing. He also contends the evidence was insufficient and that the trial court abused its discretion in denying his motion for a new trial based on newly discovered evidence. Finally, he personally asserts his trial counsel was ineffective. We affirm.

## FACTS

Appellant was the stepfather of I.K., who was 13 years old in November 1984. On November 11, 1984, I.K. was staying temporarily with Elda Saymoville because I.K.'s mother was vacationing in Las Vegas. Appellant lived with I.K. and her mother off and on; their marriage was dissolved in February 1985.

On November 14, 1984, I.K. was excused from school. Appellant made arrangements to pick her up. A school official testified appellant had alcohol on his breath. I.K. met appellant in the school hall, and he told her she had to baby-sit the Saymoville children. He drove home first.

I.K. testified that appellant entered her room and carried her into her mother's bedroom. He forced her to have sexual intercourse with him, overpowering her by tying her hands and holding a pillow over her face. According to I.K., appellant then forced her to masturbate him in the bathroom. He then engaged in anal and vaginal intercourse with her in the bedroom. I.K. testified that she was a virgin prior to the incident and that she was in pain while being assaulted. The episode lasted one to two hours.

I.K. then took a shower and left the house. After telling her friends what happened, she went to Saymoville's and told Saymoville's babysitter about the assault. She was taken to a hospital and examined. She then talked to the police. The examining doctor testified that I.K. was distraught and had a freshly ruptured hymen, indicating penetration within the previous 12 hours. He stated this was consistent with her being assaulted about seven hours prior to the examination.

Appellant testified and denied sexually assaulting I.K. He claimed after they arrived home he became suspicious that I.K. was not going to babysit because she put on a Danskin outfit, which was more suitable for "going to a movie." He claimed he looked in her purse and found cigarettes and marijuana. According to appellant, he argued with I.K. for one to two hours. She then left the house. He acknowledged he went through alcohol and drug treatment in 1983.

Appellant was acquitted of one count of criminal sexual conduct in the first degree, but convicted of another count of under the same statute (causing personal injury to I.K. and using force or coercion to accomplish penetration) and one count of criminal sexual conduct in the third degree. He was sentenced to an executed sentence of 43 months; no sentence was imposed on the third degree conviction.

## ISSUES

1. Did the prosecutor improperly solicit evidence of appellant's income and drug dealing?

2. Was the evidence sufficient to sustain appellant's convictions?

3. Did the trial court abuse its discretion in denying appellant's motion for a new trial based on newly discovered evidence?

4. Was appellant denied effective assistance of counsel?

## ANALYSIS

### I.

■ 1. Appellant testified on direct examination that he had worked as a deck hand on a tow boat since 1974. On cross-examination the prosecutor went into appellant's employment in more detail. When appellant asserted he made around $7000 in 1984 from his job, the prosecutor produced a W-2 form showing appellant's income was $1793 and introduced the form into evidence. No objection was made to the testimony or the exhibit.

Appellant claims it was error to inquire into his income. By failing to object, however, appellant forfeited his right to have this issue considered on appeal. *See State v. Richardson*, 372 N.W.2d 368, 369 (Minn. Ct.App.1985). We find no basis here to depart from this rule.

We note that appellant claims this evidence was introduced to show he was a "deadbeat." However, the testimonial evidence was preliminary, and the exhibit was offered to show appellant was untruthful.

■ 2. During cross-examination of I.K., defense counsel asked her whether she told the police in October 1984 that appellant was selling drugs, and I.K. said that she had. On direct examination, appellant denied selling drugs. On cross-examination, he admitted he sold drugs but claimed he was not selling drugs at the time I.K. told the police. The prosecutor then asked why appellant rented a car, ran up an $800 bill on a credit card that was not paid, and drove to Florida and back in four days. Appellant claimed it was for a vacation, but I.K.'s mother testified on re-

buttal that appellant went down to Florida to buy drugs. No objection was made to any of this evidence. Defense counsel requested a cautionary instruction regarding evidence of other crimes, and this was given by the trial court.

Appellant claims it was improper to inquire about his drug dealing. Appellant has also forfeited his right to raise this issue on appeal. *Id.* at 369. Moreover, appellant opened up this topic, *State v. Clark*, 296 N.W.2d 359, 367 (Minn.1980), and the extent of cross-examination is a matter left largely to the discretion of the court.

## II.

■ We have reviewed the record and find the evidence amply supports the jury's verdict. The jury was entitled to believe I.K.'s version of the incident. While corroboration is not required under Minn.Stat. § 609.347, subd. 1 (1984), her testimony was corroborated by medical evidence, her emotional condition following the incident, her relatively prompt report, and the physical evidence of items found in I.K.'s mother's bedroom which had not been there when she left on her trip to Las Vegas to which I.K. referred when testifying about the assault.

## III.

■ Appellant moved for a new trial based on newly discovered evidence consisting of affidavits indicating that I.K. was not a virgin at the time of the incident. The prosecutor opposed the motion, claiming it was untimely, that the evidence was not newly discovered, and that it was not material. The trial court denied the motion.

To obtain a new trial based on newly discovered evidence, appellant must show (1) the evidence could not have been discovered through the exercise of due diligence before trial; (2) the evidence was not within appellant's or his counsel's knowledge at the time of trial; (3) the evidence is not impeaching, cumulative, or doubtful; (4) it would probably produce a result different

from or more favorable than that which actually occurred. *State v. Caldwell*, 322 N.W.2d 574, 588 (Minn.1982).

Here the evidence could have been discovered earlier through due diligence because the existence of the witnesses was known by appellant and defense counsel. Further, the only use for the evidence would be to impeach I.K.'s credibility. From our review of the evidence it is not probable that this evidence would produce a different result. The trial court did not abuse its discretion in denying the motion. *See Berry v. State*, 364 N.W.2d 795, 796 (Minn.1985).

## IV.

■ In a supplemental pro se brief appellant challenges the effectiveness of his trial counsel. A direct appeal is not the most appropriate way of raising this issue. *State v. Dorsch*, 368 N.W.2d 26 (Minn.Ct. App.1985), *pet. for rev. denied* (Minn. July 26, 1985).

Before trial appellant expressed concern over the trial judge's friendship with his former wife, but upon being told the judge would be impartial and would recuse himself if requested, appellant chose not to remove the trial judge. There is no basis to appellant's contention that his trial counsel was ineffective on this ground. Similarly, appellant complains about defense counsel's failure to call certain witnesses at trial. Defense counsel apparently decided their testimony would be damaging and appellant concurred. His subsequent contention on appeal is without merit.

■ Appellant also claims defense counsel failed to object to evidence of his drug dealing. As previously noted, appellant opened up this area of inquiry by attempting to show I.K. lacked credibility because she previously tried to have him arrested for drug dealing. He claims that two friends who went to Florida with him were willing to testify about the purpose of the Florida trip, but were not called by defense counsel, but the claim is refuted by defense counsel's affidavit, made part of the record

by joint stipulation of the parties. We have reviewed the record and conclude that defense counsel was competent. Appellant has not demonstrated a lack of diligence or customary skill that a reasonably competent attorney would employ under the circumstances. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## DECISION

Appellant was not denied a fair trial. Evidence was sufficient to convict appellant of criminal sexual conduct in the first and third degrees. The trial court did not abuse its discretion in denying appellant's new trial motion based on newly discovered evidence. Appellant had effective assistance of counsel at trial.

Affirmed.