**Alan Lee LUKENS, Petitioner, Respondent,**

v.

**STATE of Minnesota, Appellant.**

**No. CX–86–1377.**

Court of Appeals of Minnesota.

Feb. 17, 1987.

Review Granted April 17, 1987.

Douglas H.R. Olson, Mark S. Wernick, Mauzy & Wernick, P.A., Minneapolis, for petitioner, respondent.

Hubert H. Humphrey, III, Minnesota Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing Co. Atty., Brainerd, for appellant.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

A jury found respondent, Alan Lukens, guilty of fourth degree intrafamilial sexual abuse, and Lukens petitioned for postconviction relief. A postconviction court granted Lukens' petition and ordered a new trial. On appeal, the State argues that the postconviction court erred when it granted a new trial because: the trial court properly excluded character evidence; Lukens was not denied effective assistance of counsel; and the prosecutor's misconduct in his closing argument did not constitute reversible error. We reverse and remand for reinstatement of conviction.

## FACTS

Alan Lukens was charged with fourth degree criminal sexual conduct under Minn. Stat. § 609.3644, subd. 1(2)(e) (1984) (repealed 1985) for alleged acts against his step-daughter A.V. At trial A.V. stated that Lukens had tried to kiss her and touch her breasts, legs and genital area. She said that she told a friend about the abuse but was afraid to tell her mother. Eventually A.V. recounted these incidents to a social worker and a police officer. A.V.'s sister testified that Lukens had made repeated sexual advances towards her while she was living at home.

The police officer who interviewed Lukens testified that Lukens admitted pinching A.V.'s breasts and buttocks but Lukens did not think that he had tried "french kissing" and that he had never intentionally touched A.V. in the genital area, but his hand may have slipped.

The only witness to testify for the defense was Lukens himself. He denied any sexual touching of A.V. but said he may have unintentionally touched her when they were involved in "horseplay." At one point Lukens admitted touching A.V.'s breasts but denied fondling them. Lukens testified that he and A.V. had ongoing conflicts and that these allegations of sexual abuse were A.V.'s way of getting him out of the house.

At trial, defense counsel had stated in his opening statement that "another factor is the relative truthfulness of the witnesses" and that the defense would offer the testimony of three or four witnesses as to Lukens' trustworthy character. When the opening statements had concluded, the trial judge conferred with the attorneys in chambers and informed defense counsel that the State had not raised the issue of Lukens' truthfulness and therefore the defense would not be allowed to introduce the character evidence under Minn.R.Evid. 608. The trial court did not rule whether the evidence would be admissible for other evidentiary purposes, but defense counsel made no further attempt to admit the evidence. The jury was then informed that these witnesses would not be testifying about Lukens' honesty.

A.V.'s personal diary was admitted into evidence. Lukens said that he found the diary when he was looking for a phone book and took the diary to help with his defense. At trial defense counsel attempted to use the diary to impeach A.V., but was unable to locate the passages he intended to use and therefore did not use the diary.

Lukens retained new counsel to represent him on his petition for postconviction relief. The postconviction hearing was conducted by a judge other than the one presiding at trial. The attorney who represented Lukens at trial testified that he had tried between five and ten sexual abuse cases before representing Lukens. The attorney also identified the billing statement that he had submitted to Lukens.

At the postconviction hearing, three individuals who had known Lukens for several years testified that they believed Lukens to be of good moral character. One of the witnesses stated that she believed people of good moral character do not abuse their children. The other two witnesses would not speculate on whether someone with a reputation for good moral character would ever sexually abuse a child.

The final witness at the postconviction hearing was an attorney, Earl Gray, who

had represented ten to fifteen individuals accused of sexual abuse. Gray pointed out several aspects of Lukens' defense that he believed constituted ineffective assistance of counsel. Gray said that the record showed that defense counsel was not prepared because he had not developed a theory of defense and did not understand how to introduce the character evidence. Gray stated that the transcript showed that Lukens had not been adequately prepared to testify. Gray also testified that the cross-examination of A.V. was not competent, noting that the diary presented several opportunities for impeaching A.V. Gray concluded that a reasonably competent attorney would have won the case.

The postconviction court granted Lukens a new trial, finding that Lukens was denied the right to submit character evidence and was denied his right to the effective assistance of counsel and consequently had been denied the right to a fair trial. The State appeals.

### ISSUES

1. Is there sufficient evidence to support the postconviction court's findings and conclusion that respondent was denied a fair trial?

2. Did the prosecutor's remarks during closing argument constitute reversible error?

### ANALYSIS

### I.

A. On appeal from a grant of postconviction relief this court determines whether the evidence is sufficient to support the postconviction court's findings. *Herme v. State*, 384 N.W.2d 205, 207 (Minn.Ct.App. 1986), *pet. for rev. denied*, (Minn. May 22, 1986). In its extended findings the postconviction court judge found that the trial judge had precluded Lukens from "calling any character witnesses under the Rules of Evidence, Rules 404 and 608." The postconviction court judge concluded that this was prejudicial error.

The trial court judge did not rule that the character evidence was inadmissible under rule 404 but only noted that:

> there is the option for the defendant in all cases to bring in character witnesses to bring out evidence of a particular trait of his character which would contradict the likelihood of his having committed this crime. * * * When the crime charged * * * is a sex crime involving a younger person, I'm not sure just what kind of character evidence would be permitted, but it would not be evidence of truthfulness, that's for sure, * * *.

■ The postconviction court's characterization of the trial court's ruling on the admissibility of character witness testimony is without any support in the trial record. The postconviction court's finding on this issue cannot be used to sustain granting a new trial.

B. The other finding made by the postconviction court judge to support its grant of a new trial was that Lukens was denied effective assistance of counsel. The court specifically pointed to defense counsel's failure to prepare Lukens' testimony and to adequately cross-examine A.V.

■ When determining whether to grant a new trial because a defendant was denied effective assistance of counsel, postconviction courts and appellate courts must apply a two-part test. That test requires that a defendant affirmatively prove:

> that his counsel's representation "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Gates v. State*, 398 N.W.2d 558 (Minn.1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2065, 2068, 80 L.Ed.2d 674 (1984)). After carefully reviewing the record in light of this standard, we must conclude that there is not sufficient evidence to support the postconviction court finding that Lukens was denied effective assistance of counsel.

As we have so often requested when claims of ineffective assistance of counsel are made, Lukens did make a record at a postconviction hearing. *See State v. Hanson,* 366 N.W.2d 377, 379 (Minn.Ct.App. 1985). The purpose of such hearings is to give the reviewing court "the benefit of all the facts concerning why defense counsel did or did not do certain things." *Id.* Unfortunately, Lukens' trial attorney was not specifically questioned about his conduct of the trial and any trial strategies he may have employed. Therefore, the record is devoid of any testimony as to why he took the course of action he did at trial. Without this insight, we cannot say that Lukens' representation at trial was unreasonable under the circumstances.

▇▇▇ The record contains no clear indication that defense counsel's preparation of the testimony of Lukens was inadequate. The fact that at some points in his testimony Lukens tended to ramble or attempted to give an answer that was beyond the question asked does not by itself show inadequate preparation. Finally, defense counsel's limited cross-examination of A.V., the complaining witness in a criminal sexual conduct case, easily could have been a trial tactic which we cannot term unreasonable.

On appeal, Lukens claims his trial representation was also inadequate because defense counsel was not prepared to introduce the testimony of his character witnesses and consequently the testimony regarding his good moral character was not presented to the jury. The postconviction court did not rely on this conduct to support its finding that Lukens was denied effective assistance of counsel. However, if we review Lukens' complaint regarding the testimony of the proposed character witnesses in the context of our consideration of effective representation, we must again conclude that the requirements of *Strickland* have not been met.

▇▇▇ Of the three witnesses who testified at the postconviction hearing, two had no opinion on whether a person of good moral character would abuse his children. One

witness believed that such a person would not. While this testimony may have been admissible if properly introduced by defense counsel, we note that the pertinent character trait for one accused of sexual abuse of children is the defendant's "good character with respect to the care of children." *State v. Posten,* 302 N.W.2d 638, 642 (Minn.1981). We do not believe that presentation of the testimony of these witnesses to the jury would have caused a result different from the one which occurred here. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Under the facts present in this case and upon our review of the record, we conclude that the postconviction court erred when it found Lukens had been denied effective assistance of counsel.

## II.

▇▇ Finally, the postconviction court found that the prosecutor's statement in his closing argument which referred to Lukens as a terrorist was inappropriate, but not reversible error. We agree. Defense counsel promptly objected to this reference, and that objection was sustained. The trial court also gave a cautionary instruction to the jury to counteract any prejudicial effect. These measures make it highly unlikely that the prosecutor's reference, even though improper, substantially influenced the jury to reach a guilty verdict.

## DECISION

The postconviction court erred in concluding respondent was denied a fair trial. Misconduct by the prosecutor in his closing argument did not constitute reversible error.

Reversed and remanded for reinstatement of conviction.