*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1616**

State of Minnesota,
Respondent,

vs.

Paula Mirare Overby,
Appellant.

**Filed August 1, 2016
Affirmed
Reyes, Judge**

Dakota County District Court
File No. 19AVVB151066

Christine J. Cassellius, Ryan J. Bies, Michael E. Molenda, Dougherty, Molenda, Solfest, Hills & Bauer, P.A., Apple Valley, Minnesota (for respondent)

Paula Mirare Overby, Eagan, Minnesota (pro se appellant)

Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

On appeal from her conviction of improper change of course, appellant argues that the district court erred (1) by concluding that sufficient evidence supports her conviction; (2) in its credibility determinations; and (3) by improperly disregarding an officer's prejudice against her as a member of a protected class. We affirm.

**FACTS**

On January 17, 2015, appellant Paula Mirare Overby and W.F. were traveling eastbound on 147th Street in Apple Valley. Appellant was in the left lane and W.F. was in the right. Appellant merged from the left lane into the right lane and struck the front end of W.F.'s truck. W.F. honked his horn and attempted to stop his vehicle prior to the collision. The parties dispute whether appellant signaled her intention to change lanes. Appellant contends that she did signal, and W.F. asserts that appellant did not signal. As a result of the collision, appellant's car made a one-hundred-eighty degree turn and hit a tree. Appellant sustained a head trauma.

An Apple Valley police officer arrived on the scene of the accident and cited appellant with improper change of course in violation of Minn. Stat. § 169.19, subd. 4 (2014). Appellant contested the charge, and a court trial was held. The district court found appellant guilty in an order filed on August 4, 2015. This appeal follows.

**D E C I S I O N**

**I.**

Appellant argues that insufficient evidence supports her conviction of improper change of course. We disagree.

"Whe[n] there is a challenge to the sufficiency of the evidence, [appellate courts review] the evidence in the light most favorable to the verdict to determine if the evidence was sufficient to permit the [fact-finder] to reach the verdict it did." *State v. Ford*, 539 N.W.2d 214, 225 (Minn. 1995). We assume that the fact-finder believed the state's witnesses and disbelieved contrary evidence. *State v. Huss*, 506 N.W.2d 290, 292

2

(Minn. 1993). Appellate courts "will not disturb the verdict if the [fact-finder], acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense." *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012). The statute at issue here, Minn. Stat. § 169.19, subd. 4, provides that "[n]o person shall . . . turn a vehicle from a direct course or move right or left upon a highway[1] unless and until the movement can be made with reasonable safety after giving an appropriate signal."

Sufficient evidence supports appellant's improper-change-of-course conviction. Appellant's vehicle collided with W.F.'s vehicle. W.F. testified that appellant moved into his lane of travel, without signaling, and caused the collision. As such, when viewed in the light most favorable to the verdict, the record contains sufficient evidence to show that appellant moved her vehicle upon a highway at a time when that movement could not be made with reasonable safety and without first giving an appropriate signal. *Id.*

Appellant contends that the district court erroneously concluded that she, not W.F., improperly changed lanes. In support of this contention, appellant asks this court to adopt an alternative theory that she proposed at trial. Appellant claims that W.F. overreacted to a third vehicle coming out of a driveway on 147th Street and swerved into her lane of travel. But this court must view the record in the light most favorable to the verdict. Even if a party offers a plausible alternative explanation of what occurred, the

---

[1] "Highway" is defined as "the entire width between boundary lines of any way or place when any part thereof is open to the use of the public, as a matter of right, for the purposes of vehicular traffic." Minn. Stat. § 169.011, subd. 81 (2014).

trier of fact is not compelled to accept that explanation. *State v. Larson*, 393 N.W.2d 238, 241-42 (Minn. App. 1986). Furthermore, "[i]t is well-established that a conviction can rest upon the testimony of a single credible witness." *State v. Bliss*, 457 N.W.2d 385, 390 (Minn. 1990).

Lastly, appellant argues that the state's evidence was entirely circumstantial. But W.F. testified that appellant moved into his lane. Witness testimony based on a witness's personal knowledge of the facts is direct evidence. *See State v. Hokanson*, 821 N.W.2d 340, 353 n.1 (Minn. 2012). "[I]f the state introduced direct evidence on each element of an offense, [appellate courts do] not apply the circumstantial-evidence standard of review." *State v. Porte*, 832 N.W.2d 303, 309 (Minn. App. 2013). Therefore, we conclude that the state introduced sufficient direct evidence to support the district court's conclusion that appellant was guilty of an improper change in course.

**II.**

Appellant next asserts that the district court erred by finding W.F.'s testimony more credible than her testimony. In particular, appellant notes that W.F. (1) was unable to name the road on which he and appellant were traveling when the car accident occurred and (2) testified that he was unaware of appellant's vehicle until she was merging into his lane because he was not "paying attention." We are not persuaded.

"[T]he weight and believability of witness testimony is an issue for the district court." *State v. Miller*, 659 N.W.2d 275, 279 (Minn. App. 2003), *review denied* (Minn. July 15, 2003). "We defer to the trier of fact on credibility assessments and reverse only if the trier has committed clear error." *State v. Doren*, 654 N.W.2d 137, 141 (Minn. App.

4

2002), *review denied* (Minn. Feb. 26, 2003). A review of the trial transcript shows no clear error in the district court's credibility determination.

Additionally, appellant asserts that the district court held her to a higher credibility standard by requiring that her story be corroborated. In response to appellant's alternative theory of events, the district court noted that appellant offered no evidence, other than what appellant contends is a "highly plausible scenario" of an alleged third vehicle coming out of a driveway. The district court was explaining its reasoning for discrediting appellant's version of events, not holding appellant to a higher credibility standard. Furthermore, the district court was free to adopt one of the two differing accounts presented by making a credibility determination, and we defer to that determination on appeal. *State v. Mems*, 708 N.W.2d 526, 531 (Minn. 2006).

**III.**

Finally, appellant avers that the officer who arrived on the scene and investigated the accident was biased against her because she is a transgender woman. Appellant cites to the Minnesota Human Rights Act (MHRA), Minn. Stat. §§ 363A.01-.44 (2014), and argues that the district court erred by disregarding the officer's prejudice against her, a member of a protected class.[2] We are not persuaded.

Appellant's position is not supported by evidence in the record. Even if we were to assume that the officer was prejudiced against appellant, and that the district court was

---

[2] Appellant failed to raise this issue at trial. As such, the argument is forfeited. *State v. Beard*, 288 N.W.2d 717, 718 (Minn. 1980). Nevertheless, we address appellant's argument in the interests of justice. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

aware of and disregarded this prejudice, these facts would not affect the outcome of appellant's criminal trial. The construction and application of the MHRA is an issue of statutory interpretation, which we review de novo. *Egan v. Hamline United Methodist Church*, 679 N.W.2d 350, 353 (Minn. App. 2004). The MHRA expressly provides, "Nothing in this chapter alters the provisions of chapter 609 or other law relating to criminal penalties." Minn. Stat. § 363A.41. The MHRA provides a civil cause of action for violations of the act. Minn. Stat. § 363A.28 ("Any person aggrieved by a violation of this chapter may bring a civil action . . . ."). Furthermore, "[i]n discrimination cases brought under the MHRA, a complainant must present a prima facie case of discrimination." *Khalifa v. State*, 397 N.W.2d 383, 386 (Minn. App. 1986). As appellant notes, the officer did not testify at trial, and the record is devoid of any evidence that the officer discriminated against appellant. Even if appellant were able to challenge her conviction using the MHRA, she cannot meet her burden of presenting a prima facie case due to the absence of any evidence in the record regarding the officer's alleged bias.

**Affirmed.**