STATE v. BOOKER T. WILLIAMS.

155 N. W. (2d) 739.

January 19, 1968—No. 40,538.

C. Paul Jones, State Public Defender, Paul Kunert, and Robert E. Oliphant, for appellant.

Douglas M. Head, Attorney General, George M. Scott, County Attorney, and David C. Weinberg, Assistant County Attorney, for respondent.

Rogosheske, Justice.

Defendant appeals from a judgment of conviction of burglary in violation of Minn. St. 609.58, subd. 2(3).

An information jointly charged defendant and a companion with breaking and entering into a building in Minneapolis on February 14, 1966, and removing a number of television sets. He was arrested shortly after the break-in, which occurred about 1 a. m., at his home, where the television sets were found and seized. The information was filed on March 4, and defendant was arraigned on March 7, at which time a public defender was appointed to represent him. On March 10, he entered a plea of guilty, following which his court-appointed counsel elicited testimony concerning the facts surrounding defendant's involvement in the commission of the burglary and his admission that he was guilty of the charge. During the plea hearing, he acknowledged that he understood the charge, that he knew that it was a felony for which he could receive a sentence of up to 5 years' imprisonment, and that he understood his right to be tried by a jury. He also acknowledged an understanding of his right to challenge before trial the admissibility of the statements he made to the police upon his arrest and the admissibility of the television sets seized at that time. See, State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3. These rights, the record shows, he expressly waived. His plea was accepted, and on April 11, following receipt of a presentence investigation report, the court sentenced him to an indeterminate term of not to exceed 5 years.

On this appeal defendant makes two claims—that he was inadequately represented by his court-appointed counsel, who, he asserts, conferred with him only once prior to and during his arraignment and plea; and that his plea was improperly induced by threats and promises of the arresting officers, who, he claims, threatened imprisonment if he did not confess and promised probation as a certainty if he did. These claims were neither raised nor passed upon in the trial court. They are mere argumentative assertions, devoid of any support in the record before us and therefore impossible of any review on appeal from the judgment. State v. Scott, 278 Minn. 438, 154 N. W. (2d) 703.

While in the record before us defendant expressly denies that any

threats or promises induced him to plead guilty, if there is any substance to defendant's claimed denials of constitutional rights, they may be raised and ventilated in an evidentiary hearing by a petition for postconviction review pursuant to the recently enacted Postconviction Remedy Act, L. 1967, c. 336. In such proceedings, if an evidentiary hearing is required by State ex rel. Roy v. Tahash, 277 Minn. 238, 152 N. W. (2d) 301, defendant would be expected to support his claims by oral testimony under oath subject to cross-examination and the prosecution would be afforded an opportunity to present rebuttal testimony, upon which record the findings of the trial court may then be susceptible of appellate review.

Affirmed.