## STATE v. EVERETT GILLES.

157 N. W. (2d) 64.

March 1, 1968—No. 40,726.

C. Paul Jones, State Public Defender, and Richard W. Swanson, for appellant.

*Douglas M. Head,* Attorney General, and *Alan M. Schlesinger,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Defendant was separately charged with committing first-degree murder in the fatal shooting of his former wife and mother-in-law at Slayton on the morning of December 19, 1965. He waived a jury trial and, after 2 days of trial to the court, he was permitted, over the opposition of the state, to plead guilty to charges of second-degree murder. He received concurrent sentences for a term not to exceed 40 years.

On this appeal from the judgment of the sentencing court, defendant claims for the first time that when he entered his plea he was "so emotionally upset and nervous" that he "failed to comprehend and appreciate the effect of his plea" and that he did not "understand the nature of the proceedings and therefore could not intelligently or knowingly waive" his right to appeal the trial court's rulings admitting inculpatory evidence which he had moved to suppress before trial.

Defendant's claims are wholly devoid of any support in the verbatim record of the proceedings resulting in his conviction. Moreover, the record categorically refutes his claims. The comprehensive and painstaking examination conducted by defendant's two personally retained attorneys, the prosecution, and the court before defendant's pleas were accepted discloses unequivocal statements by him repeatedly acknowledging that he understood the charges and the proceedings; that he in fact committed the acts constituting the offenses; and that he understood the effect and possible consequences of his pleas, including that he was thereby waiving his right to appeal the rulings of the trial court on the admissibility of evidence.

Defendant, now being represented by the public defender because of indigence, has nevertheless insisted upon exercising his right to

take this appeal. Pursuant to decisions of the United States Supreme Court,[1] the public defender, pursuing what he conceives to be his constitutional duty to afford defendant representation substantially equivalent to what a nonindigent is able to obtain and to be an advocate on behalf of defendant rather than an amicus curiae to the court, has conscientiously and fully presented defendant's contentions. However, in a direct appeal from a judgment, there can be no review of a claim or question upon which the trial court has never been asked to rule nor can relief be granted upon a claimed denial of constitutional rights based merely upon argumentative assertions which are not only without evidentiary support but which are refuted by the record. State v. Williams, 279 Minn. 152, 155 N. W. (2d) 739; State v. Borough, 279 Minn. 199, 156 N. W. (2d) 757. Accordingly, the judgment of the sentencing court must be affirmed.

Assertions of the type made in this case are collateral attacks upon the judgment which should be presented, if at all, to the trial court in a petition for postconviction relief pursuant to our Postconviction Remedy Act. L. 1967, c. 336. Because the minimum standards governing criminal procedures have been substantially revised by decisions of the United States Supreme Court, this remedy has necessarily become an established part of our criminal process and is available to a prisoner even though he has been unsuccessful in a direct appeal from the judgment.[2]

Since a petition for postconviction relief under § 1 of our act may

---

[1] An indigent is entitled to effective representation on appeal (Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. ed. [2d] 811), and appointed counsel should afford such representation without imposing his judgment on the merits of the appeal. Lane v. Brown, 372 U. S. 477, 83 S. Ct. 768, 9 L. ed. (2d) 892. See, also, Anders v. California, 386 U. S. 738, 87 S. Ct. 1396, 18 L. ed. (2d) 493; compare, Suggs v. United States (App. D. C.) 391 F. (2d) 971.

[2] A decision on appeal from a judgment denying relief where there has been no hearing on the merits of claimed violations of constitutional rights at the time of the trial or plea hearing is not res judicata. Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837.

be filed after direct appellate relief is no longer available and since it is reasonably likely that defendant will, if so advised, reassert his claims, with the probability that the matter will again reach this court, it should be unnecessary in appeals of this type to set out the details of the record in order to assure an appellant that his claims have been fully presented and considered or to demonstrate that the record discloses neither evidentiary basis nor "hidden merit" which might "arguably support" [3] any claim that a defendant misapprehended his constitutional or legal rights at the time his plea was tendered and accepted. Indeed, to advance the time when such claims may be finally set at rest, a summary opinion disposing of the appeal would appear to best serve the interests of the parties and the administration of criminal justice.

Affirmed.

---

[3] Anders v. California, 386 U. S. 738, 87 S. Ct. 1396, 18 L. ed. (2d) 493.