STATE v. DALE STEVEN IRESTONE.

166 N. W. (2d) 345.

March 14, 1969—No. 41028.

C. Paul Jones, State Public Defender, Robert Oliphant, Assistant State Public Defender, and Richard W. Swanson, for appellant.

Douglas M. Head, Attorney General, Richard H. Kyle, Solicitor General, Douglas W. Cann, County Attorney, and Alfred C. Schmidt, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

On February 14, 1967, defendant, aged 16 and an escapee from the State Training School at Red Wing, was convicted upon his plea of guilty of the offense of intentionally taking and driving a motor vehicle without the consent of the owner in violation of Minn. St. 609.55, subd. 2. He was sentenced to the custody of the commissioner of corrections for an indeterminate term of up to 3 years and is now serving his sentence on parole. In this direct appeal from the judgment, defendant seeks an order vacating the judgment and permitting him to withdraw his plea and stand trial. He makes three claims: (1) That he was "denied the effective assistance of counsel by virtue of incompetent representation" by the public defender who was appointed to represent him upon his appearance before both the juvenile and district courts; (2) that when his guilty plea was tendered and accepted he did not understand his legal and constitutional rights; and (3) that he was "improperly induced to plead guilty by reason of improper influences and pressures" exerted upon him by his appointed counsel and the "unreasonable delay before bringing him up for arraignment and trial."

In support of the first two claims and part of the third, defendant makes statements in his brief as to what his counsel advised and what took place at the time of arrest and during the proceedings resulting in his conviction. These statements have no support whatsoever in the record. They not only cannot be found in, or inferred from, any of the files or the record pre-

sented for review, but they are categorically and unequivocally refuted by the record. Such statements amount to no more than argumentative assertions impossible of review upon a direct appeal from a judgment of conviction. State v. Williams, 279 Minn. 152, 155 N. W. (2d) 739. To demonstrate that the statements are refuted by quotations from the record would serve no proper purpose. It is sufficient to say that without exception these statements are directly contrary to defendant's sworn testimony and the facts presented to the district court before the plea of guilty was accepted. The record establishes that court-appointed counsel, assuming his role as defendant's protector, intermediary, and learned friend with understanding and unusual thoroughness, faithfully conferred with, advised, and counseled defendant. Defendant, reaffirming his confession made upon arrest and "sincerely" acknowledging his guilt, freely and voluntarily entered a plea of guilty. The record contains no suggestion whatsoever that he did not fully comprehend his legal and constitutional rights or that his plea was improperly induced by any statements made to him by his counsel.

The remaining part of defendant's third claim that the delay from November 5, 1966, the time of his arrest, to December 19, when he was arraigned, was "unreasonable" and induced his plea is also without merit. While it is true that inexcusable detention for a long period of time without bringing formal charges inevitably has a demoralizing, if not coercive, effect upon an accused, the delay here was not of that character, and it is not shown to have had that effect.

Defendant was arrested on Saturday, November 5, and on Monday, November 7, a petition alleging delinquency (of which he received a copy) was filed in juvenile court. On that day counsel was appointed to represent him, and a hearing for determining whether defendant should be prosecuted as an adult was scheduled for November 15 to enable the county attorney to investigate whether or not prosecution would be undertaken if a reference were ordered. The juvenile court on November 27 referred the case to the Beltrami County Attorney, who, on November 30, announced his intention to prosecute defendant as an adult. Thereupon, on December 5, a formal written complaint was filed in municipal court, a preliminary hearing scheduled for December 8 was waived, and defendant was bound over to district court. Arraignment followed on December 19, at which time defendant entered a plea of not guilty, which he subsequently changed to guilty on January 16, 1967. To urge from the recital of this procedural history that the time taken to complete these proceedings was unreasonable or that defendant's detention during that period, either because he was unable to furnish bail or as an escapee from the training

school, caused him to plead guilty is hardly persuasive, especially in view of his affirmative disavowals by his own testimony.

Affirmed.