## STATE v. JOHN A. TAYLOR.

167 N. W. (2d) 138.

April 18, 1969—No. 40860.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *David J. Byron,* Special Assistant Attorney General and *J. E. Thompson,* County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

On October 26, 1966, defendant was convicted upon his plea of guilty of the crime of burglary[1] and was sentenced to 5 years' imprisonment. Defendant appeals from the judgment of conviction, claiming that he was induced to plead guilty by threats or promises made to him by the county attorney and by a misapprehension concerning the admissibility of evidence obtained as the result of an allegedly illegal search and seizure, and that he was denied effective assistance of counsel.

Defendant acknowledges that the facts upon which he bases his allegations of a denial of his constitutional rights are neither contained in nor supported by the record submitted for review. Recognizing that mere

---

[1] See, Minn. St. 609.58, subd. 2(3).

unsupported assertions of this type cannot properly be considered on a direct appeal, State v. Gilles, 279 Minn. 363, 157 N. W. (2d) 64, defendant requests a remand to the district court with directions to afford him an evidentiary hearing at which he might submit proof supporting his claims. In effect, defendant's request amounts to an application for an evidentiary hearing under our postconviction remedy statute. Minn. St. 590.01, et seq. The request, however, is premature since the statute provides that such a hearing is not available while a direct appeal from the judgment of conviction and sentence can be, or is being, taken. § 590.01, subd. 1.

An amendment to the act designed to permit a remand during the pendency of a direct appeal has been proposed by the state public defender, and a bill embodying the proposal has been introduced in the current legislative session. Our experience indicates that such a procedural change would be an improvement of our postconviction act for in a proper case it would permit an evidentiary hearing on postconviction claims at the earliest possible time and the consolidation of any appeal following a postconviction proceeding with the hearing of the direct appeal. Until such change is made, or unless the state consents to a remand, we are presently foreclosed by the statute from granting defendants request.

Although consideration of defendant's appeal on its merits compels us to affirm his conviction, we do so without prejudice to the statutory right now afforded him to initiate a postconviction proceeding and without foreclosing later consideration of any of the issues raised on this appeal which may be litigated in that proceeding.

Affirmed.