STATE v. ROBERT J. FEATHER.

181 N. W. (2d) 478.

November 13, 1970—No. 41809.

C. Paul Jones, State Public Defender, and Roberta K. Levy, Assistant State Public Defender, for appellant.

Douglas. M. Head, Attorney General, William B. Randall, County Attorney, Steven C. DeCoster, Assistant County Attorney, and Mentor C. Addicks, Jr., Special Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rosengren, JJ.

PER CURIAM.

Defendant, aged 31, upon a negotiated plea of guilty to murder in the third degree, a lesser degree of the crime of murder in the second degree for which he was indicted, was convicted and sentenced to imprisonment for a limited term of not to exceed 15 years.[1] By this direct appeal from the judgment, he seeks to have the judgment set aside, to have his plea of guilty vacated, and to stand trial upon claims (1) that he was wrongfully induced to plead guilty because of his belief that a confession, which he argues was erroneously held to be voluntary in pretrial proceedings, might be used against him at trial; (2) that he was not advised of the essential elements of the crime of murder in the third degree; and (3) that the record of the proceedings resulting in his conviction does not establish a factual basis for the court to accept his plea.

The record submitted for review consists of the district court file and a transcript of the proceedings of defendant's plea, conviction, and sentence. It reveals defendant's admission of the tragic consequences of his mortal wounding of a fellow transient by intentionally stabbing him with a knife in the course of an alley brawl, but it does not supply evidentiary support for his claims or contentions that his plea was in-

---

[1] The authorized punishment for murder in the second degree is imprisonment not to exceed 40 years and for murder in the third degree, not to exceed 25 years. Minn. St. 609.19 and 609.195.

duced without knowledge and understanding of his fundamental rights or in ignorance of the nature of the offense to which he pled guilty. Rather, a careful review compels the conclusion that his plea of guilty to the reduced charge, negotiations for which were initiated by him, was based upon his voluntary acknowledgment in open court that he was in fact and in law guilty of murder in the third degree, without any suggestion that his plea was in any wise prompted by the existence of his confession. Nor could we hold on this record that defendant was unaware of the essential elements of the reduced charge or that the court accepted his plea of guilty without a factual foundation. Although the essential elements of third-degree murder are not spelled out in the record, the formal charge was read to defendant, and his detailed testimony of the events giving rise to the prosecution, as well as his assurances to the court that he had ample opportunity to consult with his counsel and was fully advised, supports no other reasonable inference than that defendant knew and understood that his admitted misconduct was wholly consistent with the crime, embodied in the formal charge of third-degree murder, of unintentionally causing the death of another while intentionally assaulting him with a dangerous weapon. Furthermore, the examination of defendant following tender of his guilty plea furnished a justifiable and factual basis for the court's approval of the plea negotiations and the acceptance of defendant's plea of guilty to the reduced charge.

As in cases such as State v. Gilles, 279 Minn. 363, 157 N. W. (2d) 64; State v. Williams, 279 Minn. 152, 155 N. W. (2d) 739; and State v. Tamminen, 282 Minn. 523, 162 N. W. (2d) 369,[2] the claims of defendant are unsupported by the record and cannot be viewed otherwise than as mere argumentative assertions, neither presented to nor considered by the trial court. Such unsupported assertions are wholly insufficient to overcome the presumption of regularity which attaches to a judgment submitted for review on direct appeal. In effect, they are a collateral attack upon the judgment. Such can be made only in proceedings for postconviction relief pursuant to Minn. St. c. 590, which affords a defendant upon a proper petition an opportunity to prove, and the state to rebut, belated claims unsupported by the record submitted for review on a direct appeal from the judgment of conviction.

Affirmed.

---

[2] See, also, State v. Johnson, 279 Minn. 209, 156 N. W. (2d) 218; State v. Irestone, 283 Minn. 513, 166 N. W. (2d) 345; State v. Taylor, 283 Minn. 226, 167 N. W. (2d) 138.