STATE of Minnesota, Respondent,

v.

Gary SCHAEFER, Appellant.

No. C8-85-198.

Court of Appeals of Minnesota.

Sept. 10, 1985.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Ramsey Co. Atty., St. Paul, for respondent.

Jerrold M. Hartke, South St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

On August 3, 1984, appellant Gary Schaefer was charged with two counts of second degree murder (with intent) under Minn.Stat. §§ 609.19(1), 609.05, 609.11, and with two counts of second degree murder (felony murder) under Minn.Stat. §§ 609.-19(2), 609.05, 609.11. On August 14, 1984, Schaefer pleaded guilty to two counts of second degree murder with intent. Schaefer was convicted and sentenced to the presumptive sentences on each count on November 8, 1984. No post-trial motions to withdraw the guilty plea were made. There were no post-conviction proceedings. Schaefer now appeals the conviction and sentence of the court entered November 8, 1984, on the grounds that the guilty plea should be withdrawn due to involuntariness and ineffective assistance of counsel. At oral argument Schaefer's counsel also claimed that there was no factual basis for the plea.

We affirm based solely on the facts before us but without prejudice to Schaefer's right to proceed further at the trial court level.

## FACTS

Appellant Gary Schaefer and his co-defendant Steven Dusenberry were each charged with four counts of second degree murder for the deaths of two people arising out of their attempt to steal a large radio on August 1, 1984. Dusenberry, not Schaefer, actually fired the shots which killed the two victims. Schaefer pleaded guilty on August 14, 1984.

After the plea a grand jury was convened and considered first degree murder charges against Dusenberry. Dusenberry was indicted for murder in the first degree, tried, and found guilty. Schaefer testified before the grand jury and at Dusenberry's trial. Sentencing of Schaefer took place after Dusenberry's conviction. At Schaefer's sentencing, the State agreed that he cooperated with the police at all times.

When accepting the guilty plea, the court advised Schaefer of the charges against him, their nature, and his rights. The state's attorney interrogated Schaefer regarding the factual basis for the plea. Schaefer signed a "petition to enter plea of guilty in felony or gross misdemeanor." In the petition Schaefer acknowledged that he was informed of all his rights and voluntarily waived those rights.

That record contains no evidence pertaining to Schaefer's present allegations in his appeal brief regarding incompetency of counsel and the involuntariness of the plea.

## ISSUE

Should this court, on direct appeal from a judgment of conviction where there have been no post-conviction proceedings or pertinent motions to the trial court, set aside a

guilty plea based on allegations raised for the first time on appeal?

## ANALYSIS

On appeal, Schaefer claims that one of his former attorneys, a Ramsey County Public Defender, pressured him into pleading guilty to second degree murder by stating that he would be charged with first degree murder once the grand jury heard evidence. Appellant further claims that his former attorney failed to investigate properly in that he did not discover certain exculpatory witnesses which later came to light before the grand jury; that his former attorney was remiss in not negotiating for a more favorable bargain than the one ultimately reached; and that the record does not show a factual basis for a guilty plea. The state claims that even if Schaefer's factual claims were true, they do not amount to the manifest injustice necessary to withdraw a guilty plea. *See* Minn.R. Crim.P. 15.05, subd. 1. We affirm because there is no evidentiary record properly before us regarding these claims.

■ Post-conviction proceedings are the proper forum for presentation and evaluation of matters not of record supporting withdrawal of a guilty plea. In *State v. Feather*, 288 Minn. 556, 181 N.W.2d 478 (1970) the defendant directly appealed his judgment of conviction and sought to have his guilty plea vacated. The defendant there claimed, among other things, that he was wrongfully induced to plead guilty. The court affirmed the conviction, reasoning that

> the claims of defendant are unsupported by the record and cannot be viewed otherwise than as mere argumentative assertions, neither presented to nor considered by the trial court. Such unsupported assertions are wholly insufficient to overcome the presumption of regularity which attaches to a judgment submitted for review on direct appeal. In effect, they are a collateral attack upon the judgment. Such can be made only in proceedings for postconviction relief pursuant to Minn.St. c. 590, which affords a

defendant upon a proper petition an opportunity to prove, and the state to rebut, belated claims unsupported by the record submitted for review on a direct appeal from the judgment of conviction. 181 N.W.2d at 479–80. *See also State v. Hemstock*, 276 Minn. 457, 150 N.W.2d 562, 563 (1967) (judgment affirmed on a direct appeal claiming that defendant pleaded guilty under a misapprehension of his legal rights, where defendant did not first ask the trial court to withdraw his plea); *State v. Hanson*, 366 N.W.2d 377 (Minn.Ct.App. 1985) (affirming conviction directly appealed because the record was inadequate to review the claim that defendant was deprived of his sixth amendment right to effective assistance of counsel; issue more effectively presented in a post-conviction proceeding).

Here, Schaefer's claims of ineffective assistance of counsel and involuntariness of the plea are unsupported by the record. All relevant facts appear as bare allegations in appellant's brief or in an affidavit supporting Schaefer's motion to this court for an extension of time to file his brief. The trial court was never presented with these facts nor asked to set aside the plea. There is no reliable basis upon which this court can evaluate Schaefer's claims, even if meritorious.

■ Schaefer's time to bring a motion before the trial court for post-conviction relief pursuant to Minn.Stat. §§ 590.01–590.06 (1984) has not expired. Minn.R. Crim.P. 15.15, subd. 1 imposes no express time limit upon petitions for post-conviction relief, and the comment to the rule indicates that the time in which to apply for post-conviction relief rests in the judge's discretion. An appeal to this court from a post-conviction proceeding on the merits remains open to Schaefer. Our present affirmance of the conviction does not prejudice Schaefer's right to petition for post-conviction relief. We do not in any way address the merits of whatever evidence Schaefer can produce to a trial court to support his claims.

Schaefer's claim that the trial court had no factual basis upon which to accept the guilty plea also is best raised in a petition for post-conviction relief. Schaefer does not develop this argument in his brief, but appears to claim that he withdrew from participation in the robbery because he told Dusenberry that the gun was not necessary to accomplish the robbery and because he took no further steps to take the radio after he got out of the car near the victim. The state argues that the trial court had a complete factual basis supporting a conviction for second degree murder with intent. We do not address the merits of either claim. We remand to the trial court to allow Schaefer to petition for post-conviction proceedings so that the parties may fully present and develop the facts and arguments.

## DECISION

On a direct appeal from a judgment of conviction, this court will not set aside a guilty plea where the record contains no evidence addressing allegations of incompetency of counsel and involuntariness of the plea.

Affirmed.