**STATE of Minnesota, Respondent,**

v.

**Karen Gaye HART, Appellant.**

**No. C0–86–125.**

Court of Appeals of Minnesota.

Oct. 7, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co. Atty., Daniel A. Klint, Asst. Co. Atty., Anoka, for respondent.

Ronald D. Ousky, Minneapolis, for appellant.

Heard, considered, and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Karen Hart appeals from a judgment of conviction of three counts of selling a controlled substance in violation of Minn.Stat. §§ 152.02, subd. 2(3), 152.09, subd. 1(1), and 152.15, subd. 1(2) (1984). She claims that the trial court erred by denying her motion to withdraw her guilty plea.

We affirm.

## FACTS

On November 28, 1984, appellant gave undercover police officer Gordon Seymour a quantity of marijuana and Seymour gave appellant $30. On December 7, 1984, appellant gave Seymour a quantity of marijuana for $50; and on January 8, 1985, she gave undercover investigator James Nelson a quantity of marijuana and Nelson gave her $40. Appellant pleaded guilty to these charges. The parties agree that these quantities were all under one ounce. Appellant did not plead guilty to two other counts of selling 3.6 ounces to Nelson on January 23, 1985, or to selling .1 ounce of marijuana to Seymour on April 3, 1985.

Appellant entered her guilty pleas the day of trial, September 30, 1985. She stated on the record that she had read the complaint and understood the charges.

She stated that she had fully discussed and reviewed both the police reports and the issues in the case with her attorney. She stated that she understood that she was pleading guilty to the three separate offenses of selling marijuana on November 28, 1984, December 7, 1984, and January 8, 1985.

On the day of sentencing, prior to sentencing, appellant moved the court for permission to withdraw her guilty plea. Her attorney argued that he had not discussed with appellant the possible defense to the felony sale charges of mere distribution of a small amount of marijuana without remuneration, a petty misdemeanor. See Minn. Stat. §§ 152.15, subd. 1(5), 152.09, subd. 1, and 152.15, subd. 2(5) (1984). He claimed that he became aware of Minn.Stat. 152.15, subd. 1(5) after the entry of the guilty plea to the felony sale and appellant claimed that she now wished to withdraw her prior guilty plea and proceed with this possible defense. The trial court denied appellant's motion and proceeded with sentencing.[1]

Appellant maintains throughout her appeal brief that she merely arranged for the officers to purchase marijuana from others, that she merely acted as a go-between, and never "profited" from any of the transactions. Appellant may have presented such claims to the trial court in her motion before sentencing, and may have presented oral testimony. However, no record of the proceeding was made.

## ISSUE

Did the trial court err by refusing to permit appellant to withdraw her guilty plea?

## ANALYSIS

Minn.R.Crim.P. 15.05, subd. 2, governing withdrawal of guilty pleas before sentencing states:

> In its discretion the court may also allow the defendant to withdraw his plea at any time before sentence if it is fair and just to do so, giving due consideration to

---

1. Appellant's attorney on this appeal is not the trial attorney who negotiated the plea agreement and made the initial motion to withdraw the plea of guilty.

the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Motions to withdraw pleas before sentencing should be granted more liberally than those made after sentencing, when "[t]he court shall allow a defendant to withdraw his plea of guilty * * * [when] withdrawal is necessary to correct a manifest injustice." Minn.R.Crim.P. 15.05, subd. 1.

Minnesota appellate courts have repeatedly affirmed convictions where defendants allege facts not of record in support of their quest to withdraw guilty pleas. *See e.g., State v. Feather*, 288 Minn. 556, 181 N.W.2d 478 (1970); *State v. Schaefer*, 374 N.W.2d 199 (Minn.Ct.App.1985); *State v. Hanson*, 366 N.W.2d 377 (Minn.Ct. App.1985). Although here the appellant properly asked the trial court to permit withdrawal of the pleas before appealing the issue to this court, she failed to make a record which would, allegedly, support withdrawal of her guilty pleas.

Appellant also claims her guilty pleas were not fully informed. Without support on the record, she alleges that the marijuana transactions were not sales made for remuneration within the meaning of Minnesota statutes, and that her trial counsel did not advise her of this fact.

In *Schaefer*, this court affirmed a conviction where appellant asserted that a guilty plea was made involuntarily:

Schaefer's claims of ineffective assistance of counsel and involuntariness of the plea are unsupported by the record. All relevant facts appear as bare allegations in appellant's brief or in an affidavit supporting Schaefer's motion to this court for an extension of time to file his brief. * * * There is no reliable basis upon which this court can evaluate Schaefer's claims, even if meritorious.

*Schaefer*, 374 N.W.2d at 201. *See also Feather*, 288 Minn. at 557, 181 N.W.2d at 479–80 (defendant's claim that he was wrongfully induced to plead guilty was unsupported by the record and should have been made in post-conviction proceedings).

Appellant makes much out of the meaning of "remuneration" and "sale" and alleges that she merely arranged a sale between the officers and other parties, realizing no profit on the transactions. Minn. Stat. § 152.15, subd. 1 (1984) states:

Any person who violates section 152.09, subdivision 1, clause (1) [sale or distribution of a controlled substance] with respect to

* * * * * *

(5) The distribution of a small amount of marijuana *for no remuneration*, shall be treated as provided in subdivision 2, clause (5).

(Emphasis added). Subdivision 2(5) of § 152.15 provides for treatment of first offenses as petty misdemeanors.[2]

The common sense reading of Minn.Stat. § 152.15, subd. 1(5), indicates that the legislature intended, by the phrase "distribution of a small amount of marijuana for no remuneration," to take the person who shares a small amount[3] of marijuana with an acquaintance out of the felony category, and confines that offense to the category of a petty misdemeanor.

However, appellant's conduct, even assuming for the sake of argument that her unsubstantiated claim of not making a personal profit is true, is squarely within the clear meaning of Minn.Stat. 609.05 (1984), and appellant is guilty of felony sale for aiding and abetting a felony sale. Appellant concedes that marijuana was transferred by her to a buyer for a specifically negotiated sum. Appellant concedes that she received the agreed upon purchase price from the buyer, took the cash, and gave it to the third person who supplied her

---

**2.** The petty misdemeanor is punishable by a fine of up to $100 and by participation in a drug education program unless the court finds such a program inappropriate.

**3.** Both sides agree that "a small amount" when used with reference to marijuana means under one and one-half ounce.

with the marijuana. Even if she had kept none of the proceeds, her subjective intent not to "profit" does not relieve her of the consequences of her actions. Even by her own version of the facts, she was not sharing a small amount of marijuana with someone for free. She was actively engaged in participating in a bona fide sale for money.

While no Minnesota cases define "remuneration," we find persuasive a Mississippi case addressing the problem under similar circumstances. In *Boone v. State,* 291 So.2d 182, 184 (Miss.1974), the defendant claimed that he did not engage in the "sale" of marijuana as defined in Miss. Code Ann. § 41–29–139(c)(2) (1972). The applicable Mississippi statute defined "sale" as "the actual, constructive or attempted transfer or delivery of a controlled substance for *remuneration,* whether in money or other consideration." *Id.* at 184 (quoting Miss.Code Ann. § 41–29–105(2) (1972) (emphasis added). In response to the defendant's contention that "remuneration" entailed a realization of profit, the *Boone* court said:

> It is certainly true that the defendant did not realize a profit on the transaction, but Miss.Code Ann. § 41–29–139(c)(2) (1972) does not contemplate that the seller must realize a profit in order to be guilty of the sale of a controlled substance. The statute simply says that the crime occurs whenever a controlled substance is transferred or delivered in exchange for remuneration, whether in money or other consideration. * * * We believe that this statute should be given a sensible construction, keeping firmly in mind that the object of the statute is the control of the drug traffic.

*Id.* at 184. We agree with this definition of remuneration. The appellant received money in exchange for the delivery of the marijuana. Her decision to turn the sale price over to a third person and keep no part of it herself is immaterial to that fact that a "sale" for remuneration took place with her active participation.

Even though appellant's claims are not developed in the trial record, when giving her the benefit of the doubt from the appeal brief, we continue to hold that the trial court did not err by denying appellant's motion to withdraw her guilty plea.[4]

## DECISION

The record is inadequate to review appellant's factual assertion that the transaction was not a distribution for remuneration. Appellant presented unsubstantiated assertions, in her brief and in the sentencing transcript, to support her claim that her trial counsel never discussed this possible defense with her. Post-conviction proceedings are available to develop evidence in support of appellant's claims. What record there is supports the trial court's denial of appellant's motion to withdraw a guilty plea.

Affirmed.

---

4. In creating the factual basis for the guilty plea, no specific inquiry was made into who ultimately received the money the officers gave appellant for the marijuana. Appellant's trial counsel asked questions which assumed that the transactions were sales, such as "Did you sell a controlled substance to someone else?"