*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0936**

State of Minnesota,
Respondent,

vs.

Bryan Anthony Harden,
Appellant.

**Filed June 22, 2015
Affirmed
Ross, Judge**

Lyon County District Court
File No. 42-CR-13-994

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Richard Maes, Lyon County Attorney, Marshall, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Bryan Harden accepted $200 from a confidential informant and gave the informant a bag of marijuana twenty minutes later. A jury convicted Harden of fifth-degree sale of marijuana. He argues that his conviction should be reversed because the

evidence did not show that he received remuneration for the marijuana, because the district court failed to instruct the jury that it had to find that he received remuneration, and because the state did not rebut his claim that police entrapped him by inducing him to sell marijuana. We hold that Harden's receiving $200 is sufficient evidence to support his conviction and to demonstrate that omitting the instruction did not affect his substantial rights. We also conclude that Harden did not establish that the state induced him into selling drugs. We therefore affirm the conviction.

**FACTS**

Police charged Bryan Harden with fifth-degree sale of marijuana after watching him take $200 from a confidential informant, leave for twenty minutes to obtain marijuana, and hand the informant a bag of marijuana. A jury found Harden guilty after it received the following evidence at his trial.

K.H. testified that she served as a confidential informant for Lyon County deputies. K.H. stated that she interacted twice with Harden before she got his phone number and called him about buying half an ounce of marijuana. Harden told her he could sell marijuana to her for $200. The two met later that day. Harden told K.H. that he did not have the marijuana with him and that she needed to first give him the $200 to get it. K.H. was concerned that Harden would take the money without returning. So she asked Harden to leave his iPod with her as collateral. K.H. held the iPod for 20 minutes. Harden returned and gave her a bag that contained 11 grams of marijuana.

Harden gave a different account, characterizing K.H. as relentlessly pressuring him to provide drugs to her. He testified that K.H. "went out of her way" to contact him

five to seven times complaining of chronic back pain. He said he finally yielded to the "emotional pressure" of her suffering and agreed to sell her marijuana. Harden claimed that the day before the sale, K.H. gave him a phone number that he should call to obtain the marijuana for her. Harden said he took the $200 from K.H. and then called the number. Harden testified that a woman answered and instructed him to go to the back porch of a house where he would find a "wooden stand." He told the jury that the woman on the phone informed him that he would find K.H.'s marijuana underneath a particular hat—specifically, a "top hat"—on the wooden stand. Harden testified that he found the house, the porch, the stand, and the marijuana-filled top hat just where the unnamed woman said he would. And he said he then followed the woman's instructions, leaving the cash and taking the marijuana. He then delivered the marijuana to K.H.

The district court instructed the jury that it should find Harden guilty if it found that he "sold one or more mixtures containing marijuana." The court explained that "[t]o 'sell' means to sell, give away, barter, deliver, exchange, distribute, or dispose of to another, to offer or agree to do the same, to possess with intent to do the same or to manufacture." And it concluded the instruction by advising, "If you find that the defendant received money or other consideration in exchange for the marijuana, it is not necessary that the defendant retain the money or realize a profit."

The jury found Harden guilty. Harden appeals his conviction.

# DECISION

## I

Harden argues that we must reverse his conviction because the state failed to introduce sufficient evidence to support a conviction. Harden bears a "heavy burden" to overturn the jury's guilty verdict. *See State v. Vick*, 632 N.W.2d 676, 690 (Minn. 2001). We review claims of insufficient evidence in the light most favorable to the conviction and will affirm if the evidence supports the verdict. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989).

A jury found Harden guilty of fifth-degree sale of marijuana. A person commits a fifth-degree controlled substance crime by selling marijuana if he "unlawfully sells one or more mixtures containing marijuana or tetrahydrocannabinols, except a small amount of marijuana for no remuneration." Minn. Stat. § 152.025, subd. 1(a)(1) (2012). Harden concedes that he sold marijuana, and the state concedes that the 11 grams Harden sold is a "small amount." The remaining question is whether the state proved that Harden received remuneration in the exchange.

The trial evidence was sufficient to prove that Harden received remuneration. The statute does not define "remuneration," so we look to its common meaning and are satisfied that Harden's decision to take the cash is sufficient to sustain his conviction. *See Black's Law Dictionary* 1298 (7th ed.) (defining remuneration as "Payment; compensation"). Harden admitted to accepting $200 for the marijuana he handed K.H. This conduct fits the plain meaning of remuneration.

4

Harden counters that the $200 was not "remuneration" because the money was not meant for him, but for the unknown woman, and because he abandoned the cash under the top hat. It is possible, of course, that the jury found Harden guilty simply because it did not believe the mysterious woman, mysterious house, and mysterious hat story. But even if it did, Harden provides no legal support for his contention that one avoids a conviction for selling marijuana if he served as a mere unprofitable middleman who wholly abandoned to the supplier all compensation he accepted from the buyer. And the caselaw defeats the notion. It informs us that the state establishes that a seller received remuneration by proving the exchange of something of value for drugs; it need not additionally prove that the seller has any ownership interest in the proceeds or that the seller profited from the exchange. *See State v. Hart*, 393 N.W.2d 707, 710 (Minn. App. 1986). Harden accepted $200 from K.H. and promised that he would provide the marijuana for the money, and then he provided K.H. the marijuana for which he received the cash. The state proved that Harden received remuneration.

**II**

Harden also asks us to reverse his conviction because the district court failed to instruct the jury that it had to find that he received remuneration to find him guilty. We review a district court's failure to instruct the jury on an element of the charged offense for plain error where, as here, the defendant did not object to the instruction at trial. *State v. Watkins*, 840 N.W.2d 21, 27–28 (Minn. 2013). Under that standard, we will not reverse unless Harden identifies a plain error that affects his "substantial rights." *See State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). Even then we will reverse only if,

5

additionally, the error "seriously affects the fairness and integrity of the judicial proceedings." *State v. Little*, 851 N.W.2d 878, 884 (Minn. 2014).

We believe that Harden has identified an error in the district court's instructions. The district court instructed the jury that if it found that Harden received money or consideration, in order to find him guilty it did not have to find that he kept the money. In substance, this instruction informed the jury only of a finding that it did *not* have to make before finding Harden guilty. The district court never actually instructed the jury affirmatively that it must find that Harden in fact received money or other consideration—remuneration—to find him guilty. The operative instruction (that the jury can find Harden guilty only if it finds that he received remuneration) is only roughly implied, but not necessarily implied, by the instruction actually given.

The state maintained at oral argument on appeal that the district court did not plainly err because receiving remuneration is not really an element of the drug-sale offense. Counsel maintained that remuneration instead is merely "something" that the state had to prove beyond a reasonable doubt to obtain a conviction. We need not decide whether a fact that must be proven to obtain a conviction is ever anything less than an element. This is because the omission of the operative instruction did not affect Harden's substantial rights.

A plain error affects a defendant's substantial rights only if there is a "reasonable likelihood" that the error had a significant effect on the verdict. *Id*. On review we may determine that the district court's failure to instruct the jury on an element of the offense did not significantly affect the verdict if at trial the defendant did not contest the element

6

and the state presented overwhelming evidence to establish it. *See Watkins*, 840 N.W.2d at 29. The state presented uncontroverted evidence that Harden received $200 cash for the sale and Harden did not contest this evidence. Indeed, he admitted to it, relying on it to urge the jury to accept either his overly-pressured-seller story or his helpful-profitless-middleman story. He hoped the jury would believe that K.H. had made all the arrangements for the sale and that he was merely a sympathetic player in her pain-relief scheme. Either way, Harden's trial strategy required him to concede that he accepted the money—the remuneration—from K.H. for marijuana. Having admitted to taking the money and failing to convince the jury of his innocence at trial, only now on appeal does he argue that the instruction is infirm. The argument fails. The district court's omission did not significantly affect the verdict.

### III

Harden also argues that his conviction must be reversed because he was entrapped. A successful entrapment defense requires the defendant to show by a preponderance of the evidence that the government "induced" him to commit the crime. *State v. Vaughn*, 361 N.W.2d 54, 57 (Minn. 1985). If the defendant demonstrates inducement, he can be convicted only if the state proves beyond a reasonable doubt that the defendant was predisposed to commit the crime. *Id.* The district court instructed the jury on entrapment. Harden argues that the district court's decision to instruct the jury demonstrates that the state induced him to commit the crime. Harden extracts too much from the instruction. The decision to instruct the jury on entrapment does not itself prove that the state induced the criminal act. *See State v. Bauer*, 776 N.W.2d 462, 470 (Minn. App. 2009), *aff'd*, 792

7

N.W.2d 825 (Minn. 2011). Harden does not factually support his premise that the jury found that the state induced him to sell marijuana, and the verdict defeats the premise.

**Affirmed.**