# STATE OF MINNESOTA
## IN COURT OF APPEALS
### A23-0134

State of Minnesota,
Respondent,

vs.

Devin Lee Arola Johnson,
Appellant.

**Filed December 4, 2023**
**Affirmed in part, reversed in part, and remanded**
**Johnson, Judge**

Hubbard County District Court
File Nos. 29-CR-21-393, 29-CR-21-453

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Jonathan Frieden, Hubbard County Attorney, Park Rapids, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Cochran, Presiding Judge; Johnson, Judge; and Kirk, Judge.[*]

## SYLLABUS

If a defendant argues on direct appeal that a guilty plea is invalid on the ground that it was induced by an unfulfilled promise in a plea agreement, and if the record does not clearly reveal the terms of the plea agreement, the defendant is not entitled to reversal of the conviction but retains the right to assert the claim in a post-conviction petition.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**OPINION**

**JOHNSON**, Judge

Devin Lee Arola Johnson pleaded guilty to two counts of third-degree criminal sexual conduct pursuant to a plea agreement. The district court imposed consecutive stayed prison sentences of 36 months and 20 months. Arola Johnson argues that his guilty pleas are invalid on the ground that the plea agreement required concurrent stayed prison sentences, not consecutive stayed prison sentences with concurrent probationary jail terms. He also argues that, regardless of the plea agreement, the district court's imposition of consecutive stayed prison sentences is not authorized by the sentencing guidelines.

We conclude that Arola Johnson's guilty pleas are not invalid because the district court record does not clearly support his argument that the parties agreed to concurrent stayed prison sentences. But we conclude that the district court erred by imposing consecutive stayed prison sentences without stating reasons for a sentencing departure. Therefore, we affirm Arola Johnson's convictions but reverse the imposition of consecutive stayed prison sentences and remand for imposition of concurrent stayed prison sentences.

**FACTS**

This appeal arises from two district court cases. In the first case (No. 29-CR-21-393), the state charged Arola Johnson in March 2021 with third-degree criminal sexual conduct, in violation of Minn. Stat. § 609.344, subd. 1(b) (2020). The state alleged that, on several occasions when Arola Johnson was 18 years old, he engaged in sexual penetration of a 13-year-old girl. In the second case (No. 29-CR-21-453), the state charged

Arola Johnson in April 2021 with third-degree criminal sexual conduct, in violation of Minn. Stat. § 609.344, subd. 1(b). The state alleged that, on one occasion when Arola Johnson was 18 years old, he engaged in sexual penetration of a 14-year-old girl.

In May 2022, the state and Arola Johnson entered into a plea agreement to resolve both cases. Arola Johnson signed plea petitions with identical provisions concerning the agreed-upon sentences. Each petition states the agreed-upon sentence in the first case as follows: "10 years of supervised probation. Guideline stay of execution with cap of 90 days jail." Each petition states the agreed-upon sentence in the second case as follows: "10 years of supervised probation, guideline stay of execution with cap of 90 days jail, *concurrent*." (Emphasis added.) In addition, each petition states that two additional charges in two other cases would be dismissed.

At the plea hearing, Arola Johnson's attorney described the agreed-upon sentences as "guideline stay of execution with a cap of 90 days jail." The district court asked, "is it anticipated that it be concurrent or consecutive sentences?" The prosecutor answered by stating, "It would be concurrent, Your Honor, anticipated."

At the sentencing hearing in October 2022, the district court asked the prosecutor, "are these sentencings consecutively or concurrently?" The following colloquy occurred:

> PROSECUTOR: They are concurrent sentences, Your Honor, based upon my review of the law on that issue.
>
> COURT: Of the law or the agreement?
>
> PROSECUTOR: The agreement.
>
> COURT: They're separate victims, so they would allow for consecutive sentencing.

3

PROSECUTOR: Correct, Your Honor, I apologize. I meant per the agreement, they are consecutive as to the prison sentence themselves.

COURT: I see what you mean. My note is that the jail term is concurrent of 90 days.

PROSECUTOR: As well, yes.

COURT: You used the term "consecutively" different than what I understood. So when I impose the sentence, are they imposed consecutive of each other?

PROSECUTOR: The agreement called for consecutive with concurrent local jail time.

COURT: Okay. Thank you. And that's what I just want to make sure.

Arola Johnson's attorney did not disagree with or object to the prosecutor's answers to the district court's questions. When the district court asked for Arola Johnson's position with respect to sentencing, his attorney stated that "there was a 90-day cap on the agreement of the jail."

In the first case, the district court imposed a sentence of 36 months of imprisonment, stayed for ten years of probation, including 90 days in jail. In discussing sentencing in the second case, the prosecutor asked the district court to impose a sentence "consecutive to the prior offense." Again, Arola Johnson's attorney did not oppose or object to the state's request for a consecutive sentence. In the second case, the district court imposed a sentence of 20 months of imprisonment, "consecutive to that sentence that was imposed in" the first case, with the same terms of probation. The warrant of commitment in each case states that the district court did not depart from the presumptive sentences.

4

Arola Johnson filed a notice of appeal from his convictions and sentences. He makes two arguments.

## ISSUES

I.      Are Arola Johnson's guilty pleas invalid on the ground that they were induced by an unfulfilled promise in a plea agreement that required the district court to impose concurrent stayed prison sentences?

II.     Did the district court err by imposing consecutive stayed prison sentences without stating reasons for a departure from the presumptive sentences?

## ANALYSIS

### I.

Arola Johnson first argues that his guilty pleas are invalid on the grounds that the parties entered into a plea agreement that required the district court to impose *concurrent* stayed prison sentences and that the plea agreement was breached, and the promise of concurrent sentencing unfulfilled, when the district court imposed *consecutive* stayed prison sentences.

### A.

A guilty plea is valid if it is "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994) (citing *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983)). As the supreme court has explained,

> The main purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial . . . . The purpose of the voluntariness requirement is to insure that the defendant is not pleading guilty because of improper

5

> pressures. The purpose of the requirement that the plea be intelligent is to insure that the defendant understands the charges, understands the rights he is waiving by pleading guilty, and understands the consequences of his plea.

*Trott*, 338 N.W.2d at 251. If a guilty plea does not satisfy any of these three requirements, the plea is invalid. *State v. Theis*, 742 N.W.2d 643, 650 (Minn. 2007). This court applies a *de novo* standard of review when determining the validity of a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

Arola Johnson's argument implicates the voluntariness requirement. "It is well settled that an unqualified promise which is part of a plea arrangement must be honored or else the guilty plea may be withdrawn." *Kochevar v. State*, 281 N.W.2d 680, 687 (Minn. 1979). Accordingly, if a guilty plea "'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). If a promise in a plea agreement is not fulfilled, the defendant cannot be said to have voluntarily entered into the plea agreement. *See State v. Wukawitz*, 662 N.W.2d 517, 526 (Minn. 2003); *State v. Jumping Eagle*, 620 N.W.2d 42, 43 (Minn. 2000).

Arola Johnson's argument is similar to the argument made by the appellant in *State v. Kunshier*, 410 N.W.2d 377 (Minn. App. 1987), *rev. denied* (Minn. Oct. 21, 1987). Kunshier pleaded guilty to two charges pursuant to a plea agreement that called for concurrent sentences. *Id*. at 378. But at sentencing, the state recommended consecutive sentences. *Id*. Kunshier moved to withdraw his plea. *Id*. at 379. The district court denied

6

the motion and imposed consecutive sentences. *Id.* This court reversed on the ground that the guilty plea "was based on a promise, which the trial court had no discretion to reject without tendering to appellant his right to withdraw that plea and stand trial." *Id.* at 379-80.

Although Arola Johnson's legal argument is similar to Kunshier's, the factual records of the two cases are dissimilar. In *Kunshier*, we were able to resolve the appeal based on "an examination of the record and the verbatim transcript of the prosecutor's statement, the defense attorney's statement, and appellant's statement," all of which were consistent in reflecting an unambiguous and unqualified agreement to concurrent sentences. *Id.* at 379. In this case, however, the record is unclear, and the terms of the parties' agreement are ambiguous. Specifically, it is unclear whether the parties agreed that Arola Johnson's two 90-day probationary *jail* terms would be concurrent or whether they agreed that his two stayed *prison* terms would be concurrent. The district court record could be interpreted to reflect either agreement.

## B.

A defendant who wishes to challenge the validity of a guilty plea after sentencing may do so in two different ways. *Brown v. State*, 449 N.W.2d 180, 182-83 (Minn. 1989). One approach is to take a direct appeal. "A defendant is free to simply appeal directly from a judgment of conviction and contend that the record made at the time the plea was entered is inadequate . . . ." *Id.* at 182; *see also State v. Iverson*, 664 N.W.2d 346, 354-55 (Minn. 2003). "[A] direct appeal is appropriate when the record contains factual support for the defendant's claim and when no disputes of material fact must be resolved to evaluate the

7

claim on the merits." *State v. Anyanwu,* 681 N.W.2d 411, 413, n.1 (Minn. App. 2004), *overruled on other grounds by Wheeler v. State*, 909 N.W.2d 558 (Minn. 2018). But a direct appeal is "an inappropriate means of challenging acceptance of a guilty plea [if] the grounds for the challenge go outside the record on appeal." *State v. Newcombe*, 412 N.W.2d 427, 430 (Minn. App. 1987), *rev. denied* (Minn. Nov. 13, 1987).

Another way to challenge the validity of a guilty plea after sentencing is to file a post-conviction petition. "An alternative approach to appealing directly is for a defendant to seek a postconviction evidentiary hearing and prove at that hearing that even though the record made at the time he entered the guilty plea was adequate, he is still entitled to withdraw his plea because the plea was made involuntarily . . . ." *Brown*, 449 N.W.2d at 183; *see also* Minn. R. Crim. P. 15.05, subd. 1; *Lussier v. State*, 821 N.W.2d 581, 586 n.2 (Minn. 2012) (stating that motions to withdraw guilty plea after sentencing "must be raised in a petition for postconviction relief"). "Post-conviction proceedings are the proper forum for presentation and evaluation of matters not of record supporting withdrawal of a guilty plea." *State v. Schaefer*, 374 N.W.2d 199, 201 (Minn. App. 1985). This is so because, to determine whether a plea agreement is unfulfilled, a court must determine the terms of the plea agreement, which is a factual inquiry that may require consideration of facts that are not apparent from the record of a plea hearing. *See State v. Robledo-Kinney*, 615 N.W.2d 25, 32 (Minn. 2000); *Brown*, 606 N.W.2d at 674-75; *Kochevar*, 281 N.W.2d at 687-88.

In a prior case in which the appellant challenged the validity of a guilty plea on direct appeal, the supreme court rejected the appellant's argument and affirmed his conviction because his claims were "unsupported by the record, . . . neither presented to

nor considered by the trial court, . . . wholly insufficient to overcome the presumption of regularity which attaches to a judgment submitted for review on direct appeal," and "a collateral attack upon the judgment [that] can be made only in proceedings for postconviction relief." *State v. Feather*, 181 N.W.2d 478, 479-80 (Minn. 1970) (citing *State v. Gilles*, 157 N.W.2d 64 (Minn. 1968); *State v. Williams*, 155 N.W.2d 739 (Minn. 1968); and *State v. Tamminen*, 162 N.W.2d 369 (Minn. 1968)). In an appeal concerning a similar claim, the supreme court rejected the appellant's challenge to a guilty plea on direct appeal on the ground that "the record submitted for review provides no factual support for any of defendant's claims" but expressly noted that the appellant could pursue post-conviction relief "[i]f, despite this record, proof otherwise exists to establish defendant's claims." *State v. Coe*, 188 N.W.2d 421, 422 (Minn. 1971). In other such appeals, the supreme court has refrained from conclusively resolving the appellants' arguments and, on its own initiative, has remanded to the trial courts for the resolution of factual issues and for rulings on whether the appellants should be allowed to withdraw their guilty pleas. *See, e.g.*, *State v. Witte*, 245 N.W.2d 438, 439-40 (Minn. 1976); *State v. Clifford*, 126 N.W.2d 258, 259 (Minn. 1964); *cf. State v. Hemstock*, 150 N.W.2d 562, 563 (Minn. 1967) (citing *Clifford* but affirming without remanding because "there would be no purpose in remanding" because record shows that guilty plea was valid).

In *Schaefer*, the appellant pleaded guilty to intentional second-degree murder. 374 N.W.2d at 200. On direct appeal, he challenged the validity of his plea on multiple grounds, including the ground that it was involuntary. *Id*. This court stated that the appellant's "claims of . . . involuntariness of the plea are unsupported by the record" and

that "[t]here is no reliable basis upon which this court can evaluate Schaefer's claims." *Id*. at 201. For that reason, we affirmed and concluded, "On a direct appeal from a judgment of conviction, this court will not set aside a guilty plea where the record contains no evidence addressing allegations of . . . involuntariness of the plea." *Id*. at 202. But we expressly qualified that disposition by stating that "[o]ur present affirmance of the conviction does not prejudice Schaefer's right to petition for post-conviction relief," and we expressly refrained from discussing "whatever evidence Schaefer can produce to a trial court to support his claims." *Id*. at 201.

This body of caselaw indicates that, if a defendant argues on direct appeal that a guilty plea is invalid on the ground that it was induced by an unfulfilled promise in a plea agreement, and if the record does not clearly reveal the terms of the plea agreement, the defendant is not entitled to reversal of the conviction but retains the right to assert the claim in a post-conviction petition, which would allow for the development of a factual record concerning the terms of the plea agreement.

**C.**

In this case, the record is unclear, and the parties' agreement is ambiguous. Specifically, it is unclear whether the parties agreed that Arola Johnson's two 90-day probationary *jail* terms would be concurrent or whether his two stayed *prison* terms would be concurrent.

The plea petitions use the word "concurrent" without a clear reference to either the stayed prison sentences or the 90-day probationary jail terms. The oral statements at the plea hearing are similarly ambiguous. The district court asked the prosecutor, "is it

10

anticipated that it be concurrent or consecutive sentences?"  The prosecutor answered, "It would be concurrent, Your Honor, anticipated."  Neither the district court nor the prosecutor made clear the antecedent of "it."

The ambiguity was exacerbated at the sentencing hearing, when the district court asked the prosecutor, "are these sentencings consecutively or concurrently?"  The prosecutor initially stated, "They are concurrent sentences . . . ."  But upon follow-up questioning, the prosecutor stated, "they are consecutive as to the prison sentence themselves."  Throughout the colloquy between the district court and the prosecutor, Arola Johnson's attorney did not express any disagreement with the prosecutor or otherwise object, which might support an inference that the prosecutor's statements accurately reflected the plea agreement.

Because of the lack of clarity, the record as a whole does not conclusively show that the plea agreement required the district court to impose concurrent stayed prison terms. Accordingly, "[t]here is no reliable basis upon which this court can evaluate [Arola Johnson's] claims."  *See Schaefer*, 374 N.W.2d at 201.  Given the record, we cannot conclude that Arola Johnson's guilty pleas are invalid.

Thus, we affirm Arola Johnson's convictions, without prejudice to his right to petition for post-conviction relief, which would allow him to develop a factual record concerning the terms of the plea agreement.

11

## II.

Arola Johnson also argues that, regardless of whether the parties agreed to consecutive sentences,[1] the district court erred by imposing consecutive prison sentences.

The Minnesota Sentencing Guidelines prescribe presumptive sentences for felony offenses. Minn. Sent'g Guidelines 2.C. (2020). The presumptive sentence for a particular offense depends on two variables: the severity level of the current offense and the defendant's criminal-history score. Minn. Sent'g Guidelines 2.C.1. The presumptive sentence is determined by locating the appropriate cell on a sentencing grid at the intersection of the offense's severity level, which is reflected on the vertical axis, and the defendant's criminal-history score, which is reflected on the horizontal axis. *See id.*

If a defendant is convicted of multiple current offenses, the general rule is that "concurrent sentencing is presumptive." Minn. Sent'g Guidelines 2.F. (2020). In some situations, however, "[c]onsecutive sentences are presumptive." Minn. Sent'g Guidelines 2.F.1. In certain other specified situations, "[c]onsecutive sentences are permissive," which means that they "may be given without departure." Minn. Sent'g Guidelines 2.F.2.; *see also* Minn. Sent'g Guidelines cmt. 2.F.201. In all other situations, a consecutive

---

[1]Arola Johnson notes that an agreement between the parties, by itself, cannot justify a sentencing departure that is not authorized by law. We agree. A negotiated plea agreement that calls for a sentencing departure is "justified under the guidelines in cases where substantial and compelling circumstances exist," but a "plea agreement standing alone . . . does not create such circumstances in its own right." *State v. Misquadace*, 644 N.W.2d 65, 71 (Minn. 2002); *see also State v. Rannow*, 703 N.W.2d 575, 579-80 (Minn. App. 2005).

sentence may not be imposed without a departure from the presumptive sentence. Minn. Sent'g Guidelines 2.F.; *see Bilbro v. State*, 927 N.W.2d 8, 14 (Minn. 2019).

In this case, Arola Johnson argues that consecutive prison sentences are not authorized by law without a departure from the sentencing guidelines and that the district court did not lawfully depart because it did not state reasons for a departure. In response, the state argues that consecutive sentences are authorized by the sentencing guidelines.

Both parties focus their arguments on section 2.F.2.a. of the sentencing guidelines, which governs permissive consecutive sentences. The pertinent language of that guideline is as follows:

> Criteria for Imposing a Permissive Consecutive Sentence. Consecutive sentences are permissive (may be given without departure) only in the situations specified in this section.
>
> (1) Specific Offenses; Presumptive Commitment. *Consecutive sentences are permissive if the presumptive disposition for the current offense(s) is commitment, as outlined in section 2.C, and paragraph (i), (ii), or (iii) applies. If the court pronounces a consecutive stayed sentence under one of these paragraphs, the stayed sentence is a mitigated dispositional departure, but the consecutive nature of the sentence is not a departure.* The consecutive stayed sentence begins when the offender completes the term of imprisonment and is placed on supervised release.
>
>> (i) Prior Felony Sentence. . . . .
>>
>> (ii) Multiple Current Felony Convictions. If the offender is being sentenced for multiple current felony convictions for crimes on the list of offenses eligible for permissive consecutive sentences in section 6, the convictions may be sentenced consecutively to each other.

> > (iii) Felony Conviction After Escape (Non-Executed Sentence). . . . .

Minn. Sent'g Guidelines 2.F.2.a. (emphasis added).

Arola Johnson relies on the first sentence of 2.F.2.a.(1) italicized above. He contends that permissive consecutive prison sentences are not authorized in this case because the presumptive sentence for each of his offenses is a stayed sentence, not an executed sentence that would require his commitment. In response, the state relies on the second sentence of 2.F.2.a.(1) italicized above. The state contends that the second sentence authorizes permissive consecutive sentences in this case because it provides that a consecutive sentence is "not a departure" and, thus, it is unnecessary for the district court to state reasons for a departure.

We interpret section 2.F.2.a.(1) in the manner urged by Arola Johnson. The general rule of section 2.F.2.a.(1) is contained in its first sentence, which has two requirements: first, that the presumptive sentence is an executed sentence and, second, that one of the three following paragraphs applies. *Id.* The first requirement of the first sentence is not satisfied because the presumptive sentence for each of Arola Johnson's offenses is a stayed sentence, not commitment. The second sentence of section 2.F.2.a.(1), on which the state relies, would apply only if the requirements of the first sentence were satisfied and only if the district court actually imposed consecutive permissive sentences. The second sentence does not limit or qualify the applicability of the first sentence and does not contain an independent authorization for permissive consecutive sentences; the second sentence

merely determines the character of a stayed nature and the consecutive nature of consecutive permissive sentences.

Furthermore, Arola Johnson's argument is supported by this court's opinion in *Rannow*, 703 N.W.2d at 575, which considered guidelines language that was practically identical to the second sentence of section 2.F.2.a.(1) of the 2020 guidelines. *Id*. at 577-78 (applying Minn. Sent'g Guidelines II.F. (2004)). In *Rannow*, the district court imposed consecutive sentences on five offenses, three of which were presumptively stayed and two of which were presumptively executed. *Id*. at 577-78. We reversed and remanded, concluding that the district court erred by ordering all five sentences to run consecutively without stating reasons for departures. *Id*. at 579-80. We interpreted the then-applicable sentencing guideline to provide that if "a defendant has multiple current felony convictions for crimes against persons and the presumptive disposition for the offenses is commitment to the commissioner of corrections, consecutive sentencing is permissive without departure from the sentencing guidelines." *Id*. at 577-78 (footnote omitted) (quotation omitted). We explained that "[p]ermissive consecutive sentencing is available under this exception *only when* the presumptive disposition for the offenses is commitment to the commissioner of corrections" and that "[i]f permissive consecutive sentencing is not available, 'the use of consecutive sentences . . . constitutes a departure from the guidelines and requires written reasons' to support the departure." *Id*. at 578 (quoting Minn. Sent'g Guidelines II.F. (2004)). We concluded that, "[b]ecause the presumptive disposition for only the fourth and fifth counts is commitment to the commissioner of corrections, consecutive sentencing for all five offenses is not permissive under the sentencing guidelines" and that, on remand,

15

the district court could impose consecutive sentences only on the two offenses with presumptively executed sentences.  *Id*. at 578-80.

Accordingly, the consecutive stayed prison terms in this case are not authorized by section 2.F.2.a.(1).  The district court could have imposed consecutive sentences only by departing from the presumptive sentence for the second conviction.  But the district court did not express any intention to depart from the presumptive sentences and did not state any reasons for a departure.  Thus, the district court erred by imposing consecutive stayed prison sentences without stating reasons for a departure from the sentencing guidelines.

In this situation, an appellate court may not remand the case to the district court for "another opportunity to state the reasons for departure."  *Rannow*, 703 N.W.2d at 580 (citing *State v. Geller*, 665 N.W.2d 514, 517 (Minn. 2003)).  Rather, this court "must remand to the district court for imposition of the presumptive guidelines sentence."  *Id*.  Therefore, we remand to the district court for resentencing, at which time the district court shall impose a concurrent stayed prison sentence on Arola Johnson's second conviction.

## DECISION

Given the record before the court, Arola Johnson's guilty pleas are not invalid.  Therefore, we affirm his convictions, without prejudice to his right to petition for post-conviction relief.  But the district court erred by imposing consecutive stayed prison sentences without stating reasons for a departure.  Therefore, we reverse Arola Johnson's sentence on his second conviction and remand for resentencing.

**Affirmed in part, reversed in part, and remanded.**

16